ROBERT PULLIAN *et al.*, Plaintiffs in Error, *v.* GEORGE W. NELSON, Defendant in Error.

### ERROR TO WARREN.

Upon an issue raised upon an affidavit to ground an attachment, the court will not reverse a judgment, because a witness was asked, " does not the defendant reside at Monmouth ?" and an answer given.

It is not the form in which a question is propounded to a witness, so much as his answer, that is cause for reversing a judgment.

Pullian *et al v.* Nelson.

The plaintiff must show on a plea of abatement to the affidavit for an attachment, that the defendant was a non-resident at the time the affidavit was made.

The filing of an affidavit for an attachment, is the commencement of the suit.

THE affidavit of Philo E. Reed, filed December 24, 1859, states that he is the agent of plaintiffs, partners under the name and style of Pullian, Wills, Rankin & Co., and makes this affidavit in their behalf: that he is informed and believes that George W. Nelson is indebted to said firm of Pullian, Wills, Rankin & Co. in the sum of $124.63 for goods, wares and merchandise, which sum of money is still unpaid. Further states, upon information and belief, that said George W. Nelson is a non-resident of Illinois, and has property, rights and credits in said county of Warren and State of Illinois.

Writ of attachment issued December 24, 1859.

The declaration alleges indebtedness of defendant, of $500, for goods, wares and merchandise. Common counts, and damages $500.

An amended affidavit was filed March 21, 1860, which states that deponent, Philo E. Reed, is the agent of the plaintiffs; that defendant was indebted to the plaintiffs in the sum of $124.63 for goods, wares and merchandise; that George W. Nelson, defendant, is a non-resident of the State of Illinois, and has property, rights and credits in said county of Warren, and State of Illinois.

To this affidavit a plea was filed, which alleges that said defendant, George W. Nelson, at the time of making said affidavit and the times therein set forth, was not a non-resident of the State of Illinois, and prays judgment that said suit may be quashed. Upon this plea, issue was joined.

There was a trial, and the verdict was for the defendant.

Judgment, November 15, 1860, that defendant have and recover from said plaintiffs his costs, and that he have execution therefor.

During the progress of the trial, the counsel for defense asked a witness the following question: "Where has been the residence of the defendant?"

Plaintiffs objected; objection overruled, and exception taken.

Witness answered: "Suppose he has a residence at Monmouth." But the court excluded the supposition of the witness.

Counsel for defense then asked the following question: "Does not defendant reside at Monmouth?"

Objected to; objection overruled, and plaintiffs excepted.

Witness answered: "I consider it his residence." But the court excluded the consideration of the witness.

He then testified: Defendant has been doing business here; has been away some of the time, and some of the time has been here; don't know how to answer, whether he has been a resident or not; has not been keeping house in Monmouth; has been living here, but not all the time; do not know whether he intended to come back or not.

On re-examination he testified: Do not know that defendant had any property about here; he was not here in months of November and December, 1859; his wife was here, I think; his children were East; I mean to say that when defendant was here, he was here off and on; he had no property here, as I know, after he sold out to Charles H. Nelson.

The court below refused an instruction numbered four, as asked for by the plaintiffs below, but gave the same modified as follows, to wit:

"4th. If the jury believe, from the evidence, that the defendant, George W. Nelson, had not maintained a residence in the State of Illinois previous, and did not reside in this State at the issuing of the attachment in this case, according to the legal interpretation of the word; that he had no fixed place of abode or habitation; that he never kept house in Monmouth; that he spent only a portion of his time in Illinois; that his family were divided, unsettled and constantly moving about, part of the time in Illinois, and part of the time at some place or places in some of the Eastern States,— then the defendant was not a resident of the State of Illinois in the true intent and meaning of the statute, and they will find for the plaintiffs."

E. S. SMITH, for Plaintiffs in Error.

W. C. GOUDY, for Defendant in Error.

CATON, C. J.   The witness was asked whether the defendant resided at Monmouth.   This was objected to and allowed by the court, and an exception taken.   The answer was not a direct categorical answer in the affirmative or negative, but the witness went on in reply and gave a minute statement of the facts, from which the jury could determine, under the instructions of the court, whether the defendant was a resident or not.   There is no objection urged to the form of the question on account of its being leading, but the objection is to its substance.   A majority of the court do not think this judgment should be reversed because this question was allowed to be answered.   It may be said of a great majority of the members of every community that their places of residence are so unequivocal and notorious as to admit of no doubt or dispute. All who know them can declare at once where they reside, and the simple question in the form admitted in this case, is all that is necessary for the full elucidation of the truth.   Where there is real doubt as to the actual residence of the party, all the facts of the case can be laid before the jury upon the cross-examination, even though the witness express his opinion directly in answer to the question, without, in his response, giving voluntarily those facts ; and from the facts thus elucidated, the actual residence may be determined.   Were it ordinarily a question of doubt and uncertainty where men composing a community resided, the form of the question here used would be more exceptionable, but a doubtful residence is an exceptional case, and in such cases the means are always at hand for elucidating all the facts and circumstances by which the question must be finally settled.   But in this case, even if the form of the question was objectionable, the answer which was elicited shows that the objectionable form had no improper influence in framing the answer.   If the answer is a proper one, then the party cannot complain of the form of the question, because it has not injured him.   It is the answer at last which must determine whether a party has been injured by an improper question.   If the answer may have been influenced or induced by an improper question, then the party may complain ; but where it appears affirma-

tively that it was not, he has no reasonable ground for complaint. Suppose the most objectionable question imaginable put to a witness, and he answers that he does not know. It would be absurd for the party to complain because the court had erred in allowing an improper question to be put. That it is the answer and not the question which must constitute the ground of complaint in this court, was settled in *Hays* v. *Smith*, 2 Scam. 427. The testimony must be illegal to justify a reversal.

We do not see any objection to the modification by the court of the fourth instruction. It is the same instruction, in substance, as the original, with this exception. The court requires the jury, before they can find for the plaintiff, to find that the defendant was not a resident at the time of issuing the attachment. This was very proper, because, if he had been non-resident up to that time, but not at that time, the plaintiff must fail.

The appellee makes the objection, that the affidavit is defective, because the non-residence is alleged as existing at the time the affidavit was filed, and it does not appear that he was non-resident at the time the suit was commenced. We apprehend, the non-residence is properly alleged, as of the time the affidavit is made, and that is, really, the commencement of the suit. It is on the affidavit the writ of attachment issues. The issue tendered by the affidavit was not, therefore, an immaterial issue. There is no question of concealment to avoid process in the case, as the appellee seems to suppose. The affidavit went upon the ground of non-residence, and nothing more.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*