ANNA WINKLER, Adm'x,

v.

HENRY BARTHEL.

ATTACHMENT—AFFIDAVIT—CHARGE OF NON-RESIDENCE.—In attachment the affidavit is the foundation of the action.   If that is materially defective, all subsequent proceedings are invalid.   The charge that the defendant is a non-resident of the State must be made in positive and unequivocal terms.   It cannot be made upon information and belief, neither can it be done by indirection; it must be so positive as to preclude any other hypothesis.   An affidavit that the debtor is concealed within this State is not a sufficient compliance with the statutory ground that when a debtor conceals himself within this State so that process cannot be served upon him, the writ may issue.

ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.   Opinion filed April 2, 1880.

Mr. WILLIAM C. KUEFFNER, for plaintiff in error; that the affidavit must be positive and unequivocal, cited Dyer v. Flint, 21 Ill. 80; Archer v. Claflin, 31 Ill. 307; Reitz v. The People, 77 Ill. 518; Haywood v. Collins, 60 Ill. 328; Rev. Stat. 1874, 154.

The return should state that the property levied upon is that of the defendant, or was levied upon as his property: Reitz v. The People, 77 Ill. 518; Rev. Stat. 1874, 154; Clay v. Neilson, 5 Randolph, 596; Mason v. Anderson, 3 Mon. 294; Anderson

v. Scott, 2 Mo. 15; Menley v. Zeigler, 23 Tex. 88; Repine v. McPherson, 2 Kan. 340.

There must be an intention to abandon, or the defendant does not lose his legal residence: Wilkins v. Marshall, 80 Ill. 74.

The record should show that a copy of the attachment notice was mailed to the defendant: Thormeyer v. Sisson, 83 Ill. 188.

Messrs. WILDERMAN & HAMILL, for defendant in error; that the defects complained of may be amended, cited Dunn v. Rodgers, 43 Ill. 260; O'Connor v. Wilson, 57 Ill. 226; Church v. English, 81 Ill. 442; Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614; Planing Mill Co. v. Nat. Bank, 86 Ill. 587.

Amendment may be made after a writ of error is sued out: Hawes v. Hawes, 33 Ill. 287; T. P. & W. R. R. Co. v. Butler, 53 Ill. 323; Shipley v. Spencer, 40 Ill. 105; Rev. Stat. 1874, Chap. 37, §§ 49, 50.

The affidavit is sufficient: Drake on Attachments, § 112; Wallis v. Wallace, 6 Hen. (Miss.) 254; Lee v. Peters, 1 Sm. & M. 503; Runyan v. Morgan, 7 Humph. 210; Dundridge v. Stevens, 12 Sm. & M. 723; Ferguson v. Smith, 10 Kan. 396; Parsons v. Stockbridge, 42 Ind. 121.

As to what constitutes an absconding debtor within the meaning of the statute: Drake on Attachment, § 48; Fitch v. Waite, 5 Conn. 117; Young v. Nelson, 25 Ill. 565.

CASEY, J. This was a proceeding by attachment, in the St. Clair Circuit Court, by the defendant in error, against plaintiff in error's intestate. The affidavit alleges that John Winkler, is indebted to him, the affiant, in the sum of ninety-two 90-100 dollars after allowing all just credits, deductions and set-offs; and that the said Winkler has departed from his usual place of residence in the County of St. Clair, State of Illinois, and on due inquiry cannot be found in this State; and that the said Winkler is concealed within this State, so that process cannot be served upon him; and affiant further states that the last place of residence of said Winkler in this State was near the village of Freeburg, in the county of St. Clair, and State of

Winkler v. Barthel.

Illinois, and that affiant after diligent inquiry, has been unable to ascertain that the said Winkler has any other place of residence." A writ of attachment was issued, upon which was endorsed the following return. "By virtue of the within writ, I have this 8th day of August, 1878 levied upon the following property, to wit; lot No. 12, north part of survey 607, cl. 2209, in St. Clair county, Ill.

H. G. WEBER, Sheriff,
by A. G. FLEISCHBEIN, Dep'y."

" Served by attaching within real estate.
Defendant not found in my County.
Sept. 6th, 1878.

H. G. WEBER, Sheriff,
by A. G. FLEISCHBEIN, Dep'y."

Service of publication. There was no formal appearance by the defendant, or any one for him. Judgment by default, and the case is brought to this court by the administratrix of the estate of John Winkler, deceased, the defendant in the attachment, by a writ of error. The errors assigned are as follows:

1st, The affidavit is insufficient to authorize the issuing of a writ of attachment.

2nd, The sheriff's return on the writ of attachment is insufficient to give the court jurisdiction.

3d, The record fails to show that the circuit court had jurisdiction of the person or the subject-matter.

4th, The Circuit Court erred in assuming jurisdiction.

5th, The judgment of the Circuit Court was not warranted by the law.

Since filing the record in this case, by leave of this court, an amended record has been filed by the defendant in error, showing that the return of the sheriff to the writ of attachment, by leave of the Circuit Court had been amended so as to show that the property levied upon by virtue of said writ was taken as the property of the defendant in the attachment. Of the right to amend the return there can be no doubt. Revision of 1874, Chapter 11, Sec. 8; Reitz v. People, 77 Ill. 518. The first error assigned questions the sufficiency of the affidavit to authorize

the issuing of a writ of attachment. The affidavit is the foundation of the proceedings. It is the base upon which the superstructure rests. If the affidavit is materially defective, all subsequent proceedings are invalid.

The right to a writ of attachment is conferred by the statute, and is unknown to and in derogation of the common law. A summary and harsh proceeding, existing by virtue of the statute alone, by which the " citizen may be deprived of his property without actual notice, without trial, except by an idle form, by which his entire estate may be taken in payment of a supposed indebtedness"—usually an *ex parte* proceeding, where great wrongs may be, and often are, perpetrated in the name and under cover of the law. In such cases it has been the continued uniform ruling of the Supreme Court of the State, from the organization of that court to the present time, that there should be a strict compliance with the statute. Cariker v. Anderson, 27 Ill. 358; Vairin v. Edmonson, 5 Gilm. 270; Archer v. Claflin, 31 Ill. 307; Haywood v. Collins, 60 Ill. 333.

The affidavit in this case shows " that Winkler had departed from his usual place of residence, in the county of St. Clair, State of Illinois, and on due inquiry cannot be found." If it is intended by that averment to state that the defendant in the attachment was not a resident of the State, it clearly fails to do so. The averment might be true, and still the defendant be a resident of an adjoining county to St. Clair, or even in the county of St. Clair. The charge that he is a non-resident of the State (if that is the cause relied on to sustain the attachment), must be made in positive and unquivocal terms. It cannot be made upon information and belief, neither can it be done by indirection. The allegation must be so positive as to preclude any other hypothesis. It is also averred in the affidavit that the said Winkler is concealed in this State so that process can not be served upon him. This averment seems to be based upon the second cause given in the statute for issuing an attachment which is: " When the debter conceals himself or stands in defiance of the officer, so that process cannot be served upon him."

The difference in the two propositions is very apparent. In

the affidavit it is not claimed that the defendant conceals himself, but that he is concealed. It may be against his will and consent. To authorize the attachment, it must appear that there was an intent upon the part of the debtor to conceal himself, so that process cannot be served on him. It must be his own misconduct or bad faith, and not the acts or misconduct of any other person; and that fact must positively appear by averments. To say that a man " is concealed " is not equivalent to saying that " he conceals himself."

If he was living in a different part of the county, his place of residence being unknown to the plaintiff in the attachment, he would be concealed so far as the plaintiff knew, but it could not be said that thereby he had concealed himself within the intent charged. The mere fact that his place of residence is unknown is not sufficient to justify the charge that he conceals himself. It must appear, as before stated, that there was an intent on the part of the debtor to avoid the service of process, or to conceal himself so that process cannot be served on him.

While it is not necessary to use the exact words of the statute, it is necessary to use such apt language as will fully convey the meaning and spirit of the statute.

For these reasons we hold the affidavit to be insufficient, and the judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.