Joseph Hemphill *et al.*

*v.*

Lorin C. Collins.

*Filed at Ottawa June 12, 1886.*

1. Mandamus — *to direct what the judgment shall be.* Where a trial court has made a decision which finally disposes of the case, *mandamus* will not lie to compel the court to decide differently. The remedy, if any, is by appeal or writ of error.

2. Appeal—*what is a final judgment—of an order striking a cause from the trial calendar.* To a writ of attachment in aid of an action at law, the defendant pleaded in abatement, denying the grounds of the attachment. Without replying to this plea, the plaintiff took judgment by default for the debt, after which the court entered an order that "it appearing to the court that the attachment herein has been abandoned or discontinued, by taking judgment herein on the merits, without replication to the plea to the attachment herein, it is therefore ordered that the cause be stricken from the trial calendar of this court:" *Held,* that this was a final disposition of the case, from which an appeal or writ of error would lie.

Appeal from the Appellate Court for the First District.

Messrs. Hodges & Shippen, for the appellants.

Messrs. Flower, Remy & Gregory, for the appellee.

Mr. Chief Justice Scott delivered the opinion of the Court:

This was an original proceeding, commenced in the Appellate Court for the First District, by Joseph Hemphill and George E. Hamlin, petitioners, against Lorin C. Collins, respondent, and is a petition for *mandamus* to compel respondent, one of the judges of the circuit court of Cook county, to forthwith vacate a certain order made in a case lately pending in the circuit court over which respondent presided as judge, wherein petitioners were plaintiffs and Joanna O'Brien was defendant, striking the cause from the trial calendar of such circuit court, and to reinstate the same, and proceed with the trial and determination of the issues pending in the

attachment proceeding, in due course of law. The Appellate Court granted leave to file the petition, but on the final hearing of the cause dismissed it out of court, and ordered that petitioners pay the costs of the proceedings in that court, to be taxed. A majority of the judges of the Appellate Court being of opinion questions of law of such importance, on account of principal and collateral interests, were involved in the case it should be passed upon by the Supreme Court, the prayer of petitioners for an appeal was allowed, which they afterwards perfected by giving bond, as required by the order of the court.

It appears from the allegations of the petition, that on the 6th day of July, 1885, petitioners brought in the circuit court of Cook county a suit in assumpsit, against one Joanna O'Brien, upon a promissory note made by her, and on the same day brought in the same court an attachment proceeding in aid, based upon an affidavit that defendant had, within two years last past, fraudulently assigned her effects, or a part thereof, so as to hinder and delay her creditors, and had, within two years last past, fraudulently concealed or disposed of her property, so as to hinder and delay her creditors, and petitioners obtained a writ of attachment, by virtue of which the sheriff levied on sundry goods of defendant, as shown by the writ and return made a part of the petition; that on July 22, 1885, defendant filed her plea in abatement, denying the alleged grounds of attachment, concluding to the country, with general *similiter* added; that on October 5, 1885, petitioners recovered judgment, upon the merits, in the original action against defendant, by reason of her default of a plea; that on December 18, 1885, the circuit court ordered as follows: "It appearing to the court that the attachment herein has been abandoned or discontinued, by taking judgment herein on the merits, without replication to the plea to the attachment herein, it is therefore ordered, on motion of defendant, that the case be stricken from the trial calendar of

this court," and that on the 19th day of December, 1885, petitioners moved the circuit court to vacate such order and reinstate the case on its trial calendar, which motion was overruled.

The point made is, that the circuit court erred in holding that the attachment had been abandoned or discontinued by taking judgment in the original suit on the merits, and also erred in ordering the cause stricken from its trial calendar, and in refusing to proceed to the trial of the issue in the attachment proceeding, and hence it is insisted petitioners are entitled to a *mandamus* to compel the circuit court to correct its alleged error in that respect. Whether the circuit court properly construed section 31 of the Attachment act, and decided correctly in holding the attachment proceedings had been abandoned and discontinued by taking judgment on the merits without a replication to the plea to the attachment, and in striking the cause from the trial calendar, are not questions for discussion on this proceeding. The error in the argument lies in the assumption the order made by the circuit court was interlocutory, and not a final decision. Such is not the fact. The court did decide that the attachment proceeding had been abandoned and discontinued, and thereupon struck the cause from the trial calendar. That was a final disposition of that branch of the case, from which an appeal or writ of error would lie. But whether the circuit court decided correctly or not, can not be inquired in a collateral proceeding, as this is. That could only be done on error, or upon appeal. It is a principle so well understood, that when a court has once decided a cause, it can not be compelled, by *mandamus*, to decide it differently, that it need not be discussed. Petitioners' remedy, if any existed, was by appeal, or by writ of error, to correct the alleged erroneous decision of the circuit court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*