Joseph M. Siegel, Appellee, v. Herman Meyer and Julia Meyer, Defendants. Alfred E. Williston, Administrator to Collect of Estate of Julia Meyer, Deceased, Appellant.

Gen. No. 42,085.

Opinion filed May 5, 1943.

EUGENE P. KEALY, of Chicago, for appellant; JOHN M. SMYTH, JR., of Chicago, of counsel.

HAROLD E. MARKS and LEONARD GORDON, both of Chicago, for certain appellee.

THOMAS P. POWERS, of Chicago, for certain other appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action to recover $10,271.76, represented by a certain note and interest coupons executed by Julia and Samuel Meyer. An administrator of the estate of Julia Meyer, appeals from an order setting off the judgment in an attachment proceeding against plaintiff's judgment in the main action.

May 6, 1940, upon plaintiff's affidavit and bond, an attachment in aid issued against Julia Meyer. June 10, 1940, the attachment writ was quashed as wrongfully issued and a judgment for damages was entered in favor of Julia Meyer and against plaintiff for costs and damages occasioned thereby. May 7, 1941, the death of Julia Meyer was suggested and Williston, administrator, substituted to prosecute her petition for damages arising out of the attachment. March 24, 1941, the court found plaintiff liable to the administrator in the sum of $217 for costs, damages and attorneys' fees, with leave to plaintiff to amend his complaint, making the administrator defendant; and further ordered the main issue heard April 28, 1941, staying execution for the costs, damages and attorneys' fees until the disposition of the main issue. June 9, 1941, the administrator petitioned the court praying that execution be ordered issued against plaintiff upon the $217 judgment, pursuant to which an order was entered denying the prayer; finding that Samuel and Julia Meyer had executed the notes and interest coupons of which plaintiff was legal owner and holder; refinding the liability of plaintiff to the admin-

istrator for $217; finding that there was due plaintiff on account of the notes and coupons $10,271.76; setting off against said sum the $217 judgment and satisfying the same and ordering judgment for plaintiff in the sum of $10,054.76 and costs.

The question is whether the trial court erred in setting off the judgment for damages, costs and attorneys' fees in violation of ch. 77, par. 63, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 107.213], wherein, among other things, it is provided that set-offs of execution between the same parties shall not be allowed as to so much as is due the attorney in "that suit" for his fees and disbursements therein. The administrator relies on that provision and says that the $217 judgment was obtained through the efforts of Eugene Kealy, attorney in "that suit" who should be protected under the statutory provision. A motion was made to dismiss the appeal so far as it pertained to the order of March 24, 1941 on the ground that it was not a final order or, in the alternative, that if final, the appeal was not perfected within 90 days. The motion was taken with the case.

Defendant contends in opposition to the motion that the order was interlocutory at the date of its entry, but became final June 9, 1941 and that the appeal was perfected within 90 days after that date. The judgment of March 24th on the attachment was auxiliary to the main action, interlocutory and unappealable until the final judgment on June 9th. *Brignall v. Merkle,* 296 Ill. App. 250. Appeal was taken from the final judgment within due time and the entire record is before us and we may consider all orders entered in the proceeding. *Brignall v. Merkle, supra.* The motion to dismiss is denied.

There is no basis either for plaintiff's contention that defendant has waived his right to present this matter on appeal because of his failure to formally object or except in the trial court.

Plaintiff argues that chapter 77, as cited by defendants, is not applicable here because the references are to "executions after trial and judgment" and not to set-offs *entered at* final judgment. He points out that the cases relied on by defendants are different in that the parties there had actually separate judgments in distinct suits which ripened into executions, and that in each the attorneys themselves were suing as assignees of their client's judgments, while here the attorney himself was not involved in the set-off. He also points out that there is no showing before this court as to how much of the $217 judgment represented attorneys' fees; that no attempt was made to prove that factor and no finding of the court; and refers us to *Bogar v. Walker,* 89 Ill. App. 457, for authority that the case, in any event, should be remanded so that proof could be made as to how much of the judgment was for attorneys' fees.

Defendant argues that plaintiff's contention as to chapter 77, section 63, is too narrow. We agree. The act and sections referred to were intended to make attorney's claim for fees preferred as against a judgment creditor of his client. *Brent v. Brent,* 24 Ill. App. 448; *Silverman v. City Construction Co.,* 338 Ill. 154. The right to set-off defendant's judgment in the attachment proceeding against judgments for plaintiff on the main issue, must yield to the prohibition of section 63. However, there is nothing in the record before us to show what the attorneys' fees amounted to. It is true that there are allegations in petitions from which inferences may be drawn, but there is no finding by the court. The statute is effective only to the extent of the attorneys' fees and, consequently, would apply here only to so much of the $217 as represents attorneys' fees. Because of the deficiency in this respect, while the final judgment of the trial court must be reversed, the cause is remanded with directions to determine what part of the attachment judgment is

for attorneys' fees and, to that extent, exempt it from the set-off.

For the reasons given the judgment is reversed and the cause is remanded with directions.

*Reversed and remanded with directions.*

BURKE, P. J., and HEBEL, J., concur.