George S. Ford, Appellee, v. Transocean Airlines, Inc.,
Appellant.

Gen. No. 48,052.

First District, Second Division.
November 22, 1960.
Rehearing denied October 13, 1960.

John A. Breen, of Chicago, for appellant.

Cecil L. Cass, of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

On November 6, 1959 plaintiff, George S. Ford, filed an original attachment suit against defendant, Transocean Air Lines, Inc., alleging that defendant was indebted to him in the sum of $4019.32 for wages and expenses due. The statutory ground for the suit, as shown in the affidavit of attachment, was that defendant "is not a resident of this state." Based upon this affidavit, an attachment writ was issued by the

court on the date of filing and, pursuant thereto, a Boeing 377 stratocruiser, property of defendant, en route from New York to Los Angeles, California, with a brief stopover in Chicago, was attached at Midway Airport at 2:00 a.m., on November 7, 1959, with some fifty passengers and their baggage aboard. On the same date defendant deposited with the Sheriff of Cook County the sum of $4019.32, and the plane was released from attachment. Two days later plaintiff, ex parte and without notice to defendant, procured an order directing the Sheriff to pay over to him the sum deposited and to dismiss the attachment suit. In compliance with the order, the Sheriff paid the money over as directed. Upon learning of this order, defendant filed a petition asking that the affidavit in attachment be stricken, that the writ be quashed, that the order of November 9, 1959 be vacated, and that all proceedings had thereon be declared invalid and of no effect. Defendant's petition was denied, and this appeal followed.

Defendant's petition alleged that (1) the court did not acquire jurisdiction of the subject matter of the attachment suit because the affidavit in attachment, upon which the suit was based, was materially and fatally defective and failed to meet the requirements of the Attachment Act (Ill. Rev. Stat. 1959, ch. 11), and (2) the court did not acquire jurisdiction of the defendant or of the subject matter because defendant, being a foreign corporation authorized to transact business in Illinois, was not liable to attachment as a nonresident of the State; and since the court lacked the necessary jurisdiction, the writ of attachment was therefore wrongfully issued and the entire proceedings a nullity.

From the allegations of the verified petition it appears that the defendant at the time of the filing of the attachment suit was a corporation duly organized

and existing under the laws of the State of California, engaged in the business of carrying passengers as a licensed common carrier by means of a fleet of airplanes operating between designated points on the Atlantic and Pacific seaboards in the United States and also to islands in the Pacific Ocean; that on April 27, 1959 the Secretary of State of Illinois had issued to defendant a certificate of authority to transact business in Illinois (a certified copy of the certificate was attached and made a part of the petition, and was offered and admitted in evidence); that the certificate was in full force and effect at the time of the filing of the attachment suit; that defendant for a long time prior to November 6, 1959 had maintained a reservation and sales office at 73 East Jackson Boulevard in Chicago, Illinois, where it employed approximately nine persons, among them the plaintiff before his discharge, and that it also maintained an operations office at Midway Airport in Chicago, where it employed approximately three persons; that it maintained a substantial balance in a checking account at Mid-America National Bank of Chicago and was actively engaged in doing business in Illinois; that it was to all intents and purposes a resident of the State at the time the attachment proceedings were commenced; and that service of process could readily have been had on defendant. As to the merits, the petition denied any indebtedness to plaintiff, and alleged that the purported claim was part of a conspiracy between plaintiff and another discharged employee to defraud the defendant company.

 Several hearings were had before the trial court on defendant's petition and plaintiff's answer subsequently filed, but no oral testimony was presented by either party. On February 1, 1960 the trial court entered the order from which this appeal is taken. The order found that (1) defendant is a non-

resident of the State under the provisions of the Attachment Act, and (2) the $4019.32 paid over by defendant to the Sheriff was in the nature of a security payment or a forthcoming bond under section 15 of the Attachment Act, to be held by the Sheriff until final disposition of the case. The court refused to quash the attachment writ, to strike the affidavit in attachment, and to dismiss the attachment suit, or to vacate the ex parte order of November 9, 1959 directing the Sheriff to pay over to plaintiff the amount deposited by defendant. Plaintiff filed no cross error to the finding of the court that the sum deposited was in the nature of a forthcoming bond and consequently is not in a position to argue that the sum turned over to the Sheriff constituted a valid payment of plaintiff's claim. The affidavit in an attachment suit is the foundation of the action; it starts the jurisdictional process in motion and confers jurisdiction on the court. "Attachment was unknown at the common law," said the court in Martin v. Schillo, 389 Ill. 607 (p. 610), 60 N.E.2d 392, "and, being a statutory proceeding, the affidavit required by the statute for the writ must meet all the essential requirements of the statute to give the court jurisdiction of the subject matter. (Rabbitt v. Weber & Co. 297 Ill. 491; Thormeyer v. Sisson, 83 Ill. 188; Pullian v. Nelson, 28 Ill. 112; Eddy v. Brady, 16 Ill. 306.) If an essential element of the affidavit is omitted, it may not be aided by amendment, and the proceeding is without authority of law. A judgment entered when the record on its face shows want of jurisdiction is void and of no force or effect. (Rabbitt v. Weber & Co. 297 Ill. 491; Booth v. Rees, 26 Ill. 45.)" Section 2 of the Attachment Act provides that the creditor seeking a writ of attachment must state, among other things, the place of residence of the defendant or, if not known, the inability of the affiant, despite diligent inquiry, to ascertain such

information; the writ must also state the return day for the summons to be issued.

The affidavit in question lacked these two essential requirements of the statute. In the early case of Prins v. Hinchliff (1885), 17 Ill. App. 153, plaintiff filed an attachment suit specifying as one of the causes for attachment that the defendant had departed from the state, but the affidavit supplied no information as to the place of residence of defendant. The court held that the affidavit was defective in failing to state the residence of defendant or, if unknown, in setting forth the inability of the affiant, despite diligent inquiry, to ascertain such information. "This," held the court (p. 155), "is one of the material requirements of the statute now in force, and without it a writ of attachment cannot properly issue." In the case before us the affidavit was further defective in failing to give the return day of the attachment writ. Moreover, the order of November 9, 1959 was entered ex parte and without notice to defendant. It directed the Sheriff to pay plaintiff the sum of $4019.32. This was in substance and in effect a judgment, and a judgment entered when the record on its face shows a want of jurisdiction is void and of no force and effect. See Martin v. Schillo, 389 Ill. 607, 610 and 612, 60 N.E.2d 392.

■ ■ Plaintiff has failed to meet or even discuss defendant's argument that the court lacked jurisdiction and that all proceedings had are therefore a nullity; he contends, rather, that the failure to record the certificate of authority in the office of the Recorder of Deeds gives defendant the status of a nonresident insofar as the Attachment Act is concerned. Section 103 of the Business Corporation Act of Illinois (Ill. Rev. Stat. 1959, ch. 32, par. 157.103) provides that a foreign corporation which has received a certificate of authority shall, until its revocation or withdrawal,

enjoy all the rights and privileges of a domestic corporation. Obviously a domestic corporation, a resident of Illinois, is not liable to attachment on the ground of nonresidency; and a foreign corporation which has received a certificate of authority to transact business in this State is not a nonresident under the Attachment Act. In Charles Friend & Co. v. Goldsmith & Seidel Co., 307 Ill. 45, 138 N. E. 185, the court, in construing the comparable section of the Business Corporation Act of that time, said (pp. 53 and 54): "The effect was to give the foreign corporation the same standing in the eye of the law as the domestic corporation, giving it the same rights and subjecting it to the same remedies, thus relieving it from liability to attachment on the ground that it is not a resident." In the instant case the Secretary of State issued to defendant a certificate of authority to transact business in Illinois more than six months prior to plaintiff's filing of his attachment suit. This certificate was never revoked nor withdrawn, and remains in full force and effect. In Bartkowski v. Albert Hoefeld, Inc., 226 Ill. App. 198, where a certificate to do business in Illinois was not filed in the Recorder's office within ten days, as required by statute, but within thirteen days after its issuance, the court pertinently observed that it was unaware of any decision holding that failure to file a certificate of license within the statutory period rendered the certificate invalid, and said (pp. 213 and 214): "The certificate is evidence of the facts therein stated (Hurd's Rev. St. 1919, chap. 32, sec. 28a117, Cahill's Ill. St. chap. 32, par. 145), and the failure or neglect of the corporation to file the certificate within the required time subjects it to the payment of a fine."

Plaintiff argues that defendant submitted to the jurisdiction of the court by paying the claim in full and that the question has therefore become moot.

Defendant's administrative offices are located in Oakland, California, and at the hour of two in the morning on November 7, 1959 it was unable to obtain legal counsel to protect its interests. Approximately fifty passengers, with their luggage, were aboard the plane at the time of its attachment, and defendant's primary concern was to secure the release of the plane so that it could continue its scheduled flight to Los Angeles, as it was required by law to do. Consequently, to secure its release, defendant deposited with the Sheriff, as a security deposit, the sum claimed by plaintiff, and the court so found.

■ Lastly, it is urged that the order entered is not final and therefore the appeal should be dismissed. There is no validity to this contention. Defendant appeals from that part of the order finding that it is a nonresident, denying its petition to quash the writ of attachment, to strike the affidavit, to dismiss the suit, and to vacate the order directing the Sheriff to pay over to plaintiff the amount deposited by defendant. This was a final and appealable order.

For the reasons indicated, the judgment order of the Superior Court entered February 1, 1960 is reversed, and the cause remanded with directions that the attachment be quashed and that further proceedings be had consistent with the views herein expressed.

Judgment order reversed, and cause remanded with directions.

BURKE, P. J. and BRYANT, J., concur.