BONNIE I. VINSON, Plaintiff-Appellant, *v.* CLYDE ROSCOE, Defendant— (CORONET INSURANCE COMPANY, Garnishee Defendant-Appellee.)

(No. 54745;

First District—May 6, 1971.

Normand A. Cohen, of Chicago, for appellant.

Haft, Shapiro & Haft, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appeals from an order of the Circuit Court which released and discharged Coronet Insurance Company as garnishee defendant.

On June 19, 1968, plaintiff obtained a judgment by default against Clyde Roscoe for personal injuries arising out of an automobile accident. Thereafter in May 1969 plaintiff initiated garnishment proceedings against Coronet. Coronet thereafter filed an answer to the garnishment

interrogatories, stating that it had "no funds" belonging to Roscoe by reason of the latter's failure to comply with the terms of his insurance policy. Plaintiff contested the answer, and after several continuances, the court entered an order setting November 5, 1969, as a final date for hearing.

On that date both sides answered ready for trial during the preliminary call. When shortly thereafter the matter was called for trial, the court permitted plaintiff to file instanter its traverse of Coronet's "no funds" answer. Plaintiff then requested another continuance, and the court denied the motion. Thereupon plaintiff's attorney handed the court a motion for a change of venue signed by the attorney. Made without notice to Coronet, the motion recited that the attorney believed that neither he nor his client could get a fair trial from the judge. After hearing argument from both sides, the court denied the motion for a change of venue. After stating that he had no evidence to present, plaintiff's attorney requested that he be sworn as a witness, and testified as to a conversation with a representative of Coronet. He then rested, and the court entered judgment in favor of Coronet. This appeal follows.

■■   Plaintiff contends that the trial court erred in refusing to grant her petition for a change of venue, and also that the trial court erred in finding in favor of Coronet.

Plaintiff first argues that her right to a change of venue was absolute, and that the court erred in denying that petition. Coronet argues that the trial court properly denied plaintiff's petition for a change of venue because: 1) the petition was not supported by affidavit; 2) it was signed by plaintiff's attorney rather than by plaintiff; and 3) the petition was not timely made. We need consider only the first of Coronet's arguments.

Our statute governing procedure for change of venue provides as follows:

> "Every application for a change of venue shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant." Ill. Rev. Stat. ch. 146, par. 3 (1969).

In *Theobold v. Chicago, Milwaukee and St. Paul R. Co.* (1897), 75 Ill. App. 208, this court considered a petition for change of venue which was not supported by affidavit. The court held that an affidavit was an essential requirement, and that since the petition was not verified by the affidavit of the applicant, it was fatally defective. Similarly in the instant case, the petition for change of venue was not supported by affidavit, and therefore was defective. The trial court properly denied plaintiff's petition for a change of venue.

■■   Defendant next contends that the trial court erred in finding in

favor of Coronet. Coronet had answered plaintiff's garnishment interrogatories by stating that it had no funds belonging to Roscoe by virtue of the latter's failure to comply with the policy, in that he had failed to give Coronet any notice of the original suit. On the date of trial, plaintiff filed a traverse to Coronet's answer. The traverse stated that Roscoe had in fact given notice to Coronet, and that even if he had failed to give notice, Coronet would not be entitled to be discharged. When the case was called for trial counsel for plaintiff informed the court that he had no witnesses to call. Plaintiff's counsel then asked to be sworn and testified that he had been advised by counsel for Coronet that if plaintiff would vacate the default judgment against Roscoe, Coronet would file an appearance and defend the principal suit. The court then inquired as to whether any other testimony was to be offered by plaintiff. When counsel replied that there was no other testimony, the court entered an order discharging Coronet. Upon the filing of the traverse to the sworn answers to the interrogatories, the factual issue remained as to whether Coronet had any of Roscoe's funds in its possession. Since the evidence admitted at trial obviously was insufficient to prove the fact in dispute, the issue to be decided in this court is which party had the burden of persuasion.

■■ In *Roon v. Van Schouwen et al.* (1950), 406 Ill. 617, 94 N.E.2d 880, garnishment proceedings were initiated against an alleged insurer of a judgment debtor in an automobile accident case. Our Supreme Court held that where a garnishee defendant denies under oath any liability to the principal defendant it is incumbent upon the plaintiff to prove the contrary. And in *Ancateau v. Commercial Casualty Ins. Co.* (1943), 318 Ill.App. 553, 48 N.E.2d 440, this court reversed a judgment which had been entered against a garnishee subsequent to a personal injury judgment. At pp. 558-59, the court stated:

> "* * * a traverse of the answers did not relieve appellee [plaintiff] from proving what the garnishee declined to admit (*Manowsky v. Conroy*, 33 Ill.App. 141, 143.) The burden of disproving a garnishee's answer denying all indebtedness at the date of the service of the writ rests upon the plaintiff. [Citations omitted.]"

Despite the filing of the traverse to Coronet's "no funds" answer, it remained plaintiff's burden to prove that Coronet held funds belonging to the judgment debtor. The testimony of plaintiff's counsel, the only evidence offered, was insufficient to sustain that burden. Therefore the trial court was correct in entering judgment on behalf of Coronet.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.