Liberty Leasing Co., Inc., Plaintiff-Appellant, *v.* Crown Ice Machine Leasing Co., Inc., Defendant—(Swift & Company, Garnishee-Defendant-Appellee).

(No. 59388;

First District (3rd Division)—April 4, 1974.

Howard D. Hollander, of Chicago, for appellant.

Alan L. Butler and Walter W. Kurczewski, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Liberty Leasing Co., Inc., brought this garnishment action in the circuit court of Cook County against garnishee-defendant, Swift and Company. After a hearing, the trial court entered an order releasing and discharging Swift. Liberty appeals.

On November 16, 1972, Liberty obtained a default judgment against Crown Ice Machine Leasing Co., Inc., and another company arising out of a breach of a lease agreement. On January 31, 1973, Liberty instituted non-wage garnishment proceedings against Swift. Swift's answer to the garnishment interrogatories stated that it had no funds belonging to Crown in its custody or control. Liberty contested the answer and claimed that, pursuant to a contract entered into on December 10, 1971, Swift agreed to purchase annually from Crown between 7,500 and 18,200 tons of ice at a price of $4 per ton. At a hearing on Liberty's motion for judgment, Swift filed, in addition to a memorandum of law, an affidavit of one of its officers plus several exhibits showing that Crown had assigned its right to the proceeds under the contract, as it was empowered to do by an express provision in the contract, to a bank in Jackson, Mississippi. The assignment was executed approximately 10 months prior to the time Liberty obtained its judgment against Crown. The affidavit also set forth that Swift had honored the assignment. Liberty did not contest Swift's affidavit. The trial court denied Liberty's motion for judgment and discharged and released Swift.

■■ The garnishor bears the burden of showing that the garnishee holds property belonging to the judgment debtor. (*Vinson v. Roscoe* (1971), 133 Ill.App.2d 73, 272 N.E.2d 818.) As in other types of litigation, any affirmative defense raised by the garnishee in the pleadings must be established by a preponderance of the evidence in order to be sustained. *Gregory v. Highway Insurance Co.* (1960), 24 Ill.App.2d 285, 164 N.E.2d 297.

After Liberty proved that a contract was in force at the time of the commencement of the garnishment proceedings, the burden of going forward shifted to Swift. Swift's claim that Crown had assigned its right to the proceeds prior to the time Liberty obtained judgment constituted an affirmative defense and placed the burden of proving such defense on Swift. See Ill. Rev. Stat. 1971, ch. 110, par. 43(4).

■■ It seems clear that Swift met that burden. Its uncontradicted af-

fidavit recited that Crown had assigned its proceeds of the contract with Swift to a Mississippi bank. In addition, Swift attached several exhibits to the affidavit consisting of correspondence between the bank and Swift further evidencing the assignment. It has been the general rule in Illinois that an assignment by the judgment debtor prior to the commencement of garnishment proceedings, absent fraud, precludes the garnishor from prevailing against the garnishee. *Ray v. Faulkner* (1874), 73 Ill. 469; *Williams v. West Chicago Street R.R. Co.* (1902), 199 Ill. 57, 64 N.E. 1024; See *National Bank of Albany Park v. Newberg* (1972), 7 Ill.App. 3d 859, 289 N.E.2d 197.

Liberty argues, however, that Swift's burden should not terminate once the latter proves the existence of a prior valid assignment on the part of the judgment debtor. It urges, without citing legal authority, that Swift should further be required to prove that the unfiled security interest of the assignee takes priority over the subsequent judgment lien of Liberty. See Ill. Rev. Stat. 1971, ch. 26, pars. 9—102(1)(b), 9—301(1) (b), and 9—302(1)(e).

■■ A garnishment action is concerned with one fundamental question: the existence of subsisting rights between the judgment debtor and the garnishee defendant. (See *Schwitz v. 75th & Exchange Drug Co.* (1940), 303 Ill.App. 192, 24 N.E.2d 889.) The effect of garnishment is to subrogate the judgment creditor to whatever rights the judgment debtor may have against the garnishee. (*Krensky & Co. v. Rothman* (1958), 18 Ill.App.2d 540, 152 N.E.2d 596 (Abstract opinion).) Where, as in the present case, the garnishee sustains its affirmative defense and, therefore, proves that it has no attachable debt owing to the judgment creditor, the garnishment action must fail and the garnishee must be discharged.

■■ We do not believe that a garnishee should have the additional responsibility of proving that an assignee has a greater priority to its proceeds than the garnishor. The garnishee has no interest in the priority issue, a matter wholly separate from the garnishment proceedings. The resolution of that question is better left to an action the garnishor may wish to bring against the assignee. The trial court correctly discharged Swift.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON and MEJDA, JJ., concur.