FAYE TRIZZINO *et al.*, Plaintiffs-Appellants, *v.* KLINE BROTHERS COMPANY, Defendant-Appellee.—(ATLANTIC MUTUAL INSURANCE COMPANY *et al.*, Defendants.)

Third District    No. 81-619

Opinion filed May 17, 1982.

H. Arthur Hammel and Thomas Monahan, both of Joliet, for appellants.

Robert Marc Chemers, of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal is taken by the plaintiffs, Faye and Paul Trizzino, from an order of the circuit court of Will County granting the motion of defendant, Kline Brothers Company, to dismiss the cause of action as to it. While it was not brought to this court's attention by the parties, we note that we lack jurisdiction to hear this appeal because no final and appealable order was entered by the trial court. For this reason, the merits of this appeal will not be considered and the appeal is dismissed.

On February 5, 1981, the plaintiffs filed a three-count complaint alleging in count I that Faye Trizzino had suffered personal injuries on January 22, 1979, due to the negligence of Kline Brothers Company. In

count II plaintiff Paul Trizzino alleged loss of consortium because of his wife's injuries. In count III both plaintiffs alleged that they had been lulled into a false expectation of settlement by defendant Willie Manafee, acting on behalf of defendant Kline Brothers Company. Tort damages were sought in counts I and II, whereas the only form of relief requested in count III was a court-ordered estoppel of defendants, Atlantic Mutual Insurance and Centennial Insurance companies, from asserting the applicable statute of limitations in defending against plaintiffs' claims.

Kline Brothers Company filed a motion to dismiss counts I and II of the complaint, alleging as grounds therefor that plaintiffs' claims were barred by the two-year limitations period for personal injury actions. (Ill. Rev. Stat. 1979, ch. 83, par. 15.) The remaining defendants joined together in a separate motion to dismiss count III of the complaint. They alleged that they, as insurance companies and insurance agent for Kline Brothers Company, were not proper parties for suit by the plaintiffs until such time as a judgment would be entered against their insured, Kline Brothers Company. The trial court, after hearing arguments of counsel, granted Kline Brothers' motion and denied that of the remaining defendants.

Plaintiffs thereafter moved to vacate the court's dismissal of counts I and II or, in the alternative, to enter a "final and appealable order." On September 21, 1981, the court denied plaintiffs' motion to vacate and further stated, "This court finds no reason to delay the enforcement or appeal of this order, this cause pends as to Count III." This appeal followed. The issue presented for our consideration, as framed by plaintiffs, is "whether the trial court committed reversible error in granting the defendant's motion to dismiss by denying the equitable relief sought in Count III."

■■ It is our duty to first determine whether we have jurisdiction in the subject matter of this appeal, even though the question has not been raised by either party. In this respect the threshold question is whether the trial court's order is final and appealable. *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 750, 347 N.E.2d 278, 282.

■■ The instant case is controlled by Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), which provides that an appeal may be taken from a final judgment as to fewer than all parties or claims, provided the trial court has made a special finding that there is no just reason for delaying enforcement or appeal. Although the trial court here entered the "magic language" required by the Rule, this fact alone is not sufficient to confer appellate jurisdiction. *Harold Butler Enterprises #662, Inc. v. Underwriters at Lloyds, London* (1981), 100 Ill. App. 3d 681, 427 N.E.2d 312.

■■ To determine the finality of an order we must look to the substance rather than the form of that order. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873, 387 N.E.2d 918, 920.) "[An order] is final if it determines

the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration or if the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the [order]." (*Barnhart v. Barnhart* (1953), 415 Ill. 303, 309, 114 N.E.2d 378, 381.) An order which leaves a cause still pending and undecided is not final. *Gutenkauf.*

■■ After examining the order appealed from herein in light of the pleadings, we find that it is not, in fact, final. Unquestionably the "lulling" issue presented in count III of the complaint is intimately related to counts I and II. If that issue is ultimately resolved in plaintiffs' favor, then it would appear at this point that neither the statute of limitations nor principles of *res judicata* would debar plaintiffs from reinstating their tort claims against Kline Brothers Company. Since the trial court has made no findings of law or fact with respect to the "lulling" issue that issue is not properly before us and we determine on this record that the ultimate rights of the parties before us have not been finally determined.

Accordingly, we are without jurisdiction to dispose of the matter on its merits and the appeal is dismissed.

Appeal dismissed.

STOUDER and SCOTT, JJ., concur.