PETER FISCHER IMPORT MOTORS, INC., Plaintiff-Appellant, *v.* VINCENT BUCKLEY, Defendant (LaGrange Federal Savings and Loan Association, Garnishee-Appellee).

First District (4th Division)   No. 82—2891

Opinion filed February 2, 1984.

Kenneth E. North, of Solomon, Rosenfeld, Elliott & Stiefel, Ltd., of Chicago, for appellant.

Robert W. Earhart, Jr., and Thomas B. Cassidy, both of Martin, Craig, Chester & Sonnenschein, of Chicago, for appellee.

JUSTICE ROMITI delivered the opinion of the court:

In this appeal, plaintiff-appellant Peter Fischer Import Motors, Inc. (Fischer), requests that this court reverse the order of the trial court dismissing its order for attachment of a negotiable order of withdrawal (NOW) account at LaGrange Federal Savings and Loan Association (LaGrange), the garnishee in the attachment action and appellee in this appeal. The trial court ordered such dismissal on the grounds that sections 1—3(b) and 4—8(d) of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1981, ch. 17, pars. 3003(b), 3099(d)) exempted the NOW account from attachment.

At the time of Fischer's appeal of the trial court's order, no judgment had been rendered on the merits of Fischer's complaint against the holder of the NOW account, Vincent Buckley, for debts allegedly owed by him to Fischer. We therefore dismiss Fischer's appeal for lack of appellate jurisdiction because the trial court's dismissal of the

attachment order was not a final and appealable order.

Fischer's contract complaint filed July 22, 1982, against Vincent Buckley alleged in pertinent part that Buckley had failed to pay Fischer for repairs to his automobile performed by Fischer to Buckley's satisfaction in the amount of $2,953.42. The complaint further stated that Buckley had deceptively attempted to make payment for such repairs through a personal check drawn on his NOW account at LaGrange, but that Fischer had been unable to cash the check the same day Buckley had delivered it to him because a stop payment order had been placed thereon by the time Fischer presented it to LaGrange. The complaint requested that Buckley pay Fischer the $2,953.42 owed it plus interest.

Initial attempts to serve the complaint upon Buckley on July 27 and 31, 1982, were unsuccessful, since the address Buckley had given to Fischer was discovered to be an empty lot and efforts to find other addresses at which Buckley could be located were not fruitful. An alias summons was successfully served on Buckley's father on November 4, 1982.

The record reflects that in the interim between these dates Fischer motioned the trial court on August 25 for a hearing on its "complaint for attachment." The trial court issued its order of attachment on defendant's NOW account at LaGrange on October 1, 1982. That same day, LaGrange filed its motion to dismiss the attachment order on the grounds that it was exempt from garnishment proceedings pursuant to section 4—8(d) of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1981, ch. 17, par. 3099(d)). The trial court granted this motion and dismissed the order of attachment in a written order dated October 27, 1982. This appeal by Fischer followed.

Subsequently, Buckley's attorney in the underlying action filed an appearance on his behalf on November 30, 1982. On January 6, 1983, the trial court granted Buckley leave to file an answer and counterclaim, and entered and continued Fischer's motion of that date for a default judgment because of Buckley's failure to answer.

There is nothing further in the record regarding either Fischer's attachment request nor its principal money claim against Buckley. We note specifically that the record fails to contain Fischer's affidavit for an attachment, which is required under Illinois law (Ill. Rev. Stat. 1981, ch. 110, pars. 4—104, 4—105) and which confers upon the trial court the jurisdiction to issue any order. (*Pullian v. Nelson* (1862), 28 Ill. 112; *Ford v. Transocean Airlines, Inc.* (1960), 28 Ill. App. 2d 234, 171 N.E.2d 225; *Winkler v. Barthel* (1880), 6 Ill. App. 111.) We also note that there is no transcript of hearings on the attachment order,

if any were held. In addition, we note that although it was Fischer's burden to prove that LaGrange as garnishee was in possession of defendant's property (*Vinson v. Roscoe* (1971), 133 Ill. App. 2d 73, 272 N.E.2d 818), it was the garnishee's burden to prove any affirmative defense thereto. *Liberty Leasing Co. v. Crown Ice Machine Leasing Co.* (1974), 19 Ill. App. 3d 27, 311 N.E.2d 250.

Both Fischer and LaGrange frame the issue of the present appeal as whether Illinois statutes exempt NOW accounts at a Federal savings and loan association from attachment. The central question which the parties seek to raise is whether a NOW account at a Federal savings and loan association should be considered a checking account or a savings account for purposes of attachment under Illinois law. The issue is apparently a novel one which has not been addressed in this or other jurisdictions.

■ Neither party, however, has addressed the threshold question of this court's jurisdiction to entertain the present appeal. We note that it is our duty to consider this issue even where it is not raised by the parties (*E. M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 427 N.E.2d 181), and that if there is no final and appealable order it is the duty of this court to dismiss the action *sua sponte. Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 348 N.E.2d 527.

Generally, an appeal may be taken only from an order that is final. (87 Ill. 2d R. 301.) To be considered final, a trial court's order must either terminate the litigation between all of the parties on its merits or dispose of the rights of the parties' entire controversy. (*Cohen v. Sterling Nursing Home, Inc.* (1978), 57 Ill. App. 3d 162, 372 N.E.2d 934.) An order which leaves the plaintiff's main claim still pending and undecided is not final. *Trizzino v. Kline Brothers Co.* (1982), 106 Ill. App. 3d 230, 435 N.E.2d 958.

Where there are multiple parties or multiple claims, Supreme Court rules permit the appeal of a final order as to one or more but fewer than all the parties or claims where the trial court's order expressly finds that there is no just reason for delaying enforcement or appeal. (87 Ill. 2d R. 304(a).) If the trial court's order does not include this express finding, the order is subject to revision at any time before the entry of an order which adjudicates all the claims, rights, and liabilities of the parties. 87 Ill. 2d R. 304(a).

■ A trial court's order of an attachment, as well as an order quashing or denying such an order, has no effect on the proceedings regarding the plaintiff's principal money claim against the defendant. (*Bates v. Jenkins* (1831), 1 Ill. (Breese) 411.) Thus, it does not termi-

nate the litigation between the parties on its merits. Consequently, such an order is final and appealable only after the entry of a judgment on the merits of the plaintiff's principal claim against the defendant or if the attachment order expressly finds that there is no just reason for delaying enforcement or appeal. *Smith v. Hodge* (1958), 13 Ill. 2d 197, 148 N.E.2d 793. See also *Hemphill v. Collins* (1886), 117 Ill. 396, 7 N.E. 496; *Siegel v. Meyer* (1943), 319 Ill. App. 102, 48 N.E.2d 595.

 This result obtains because attachment is a legal process which seizes and holds the property of the defendant debtor until the rights of the parties are determined in the creditor's principal suit, often in tort or contract, in which the writ is issued. (*Marchant v. Artists Embassy, Inc.* (1960), 25 Ill. App. 2d 440, 166 N.E.2d 311; *Culver v. Rumsey* (1880), 7 Ill. App. 422.) When a writ of attachment issues it lays hold of and appropriates the debtor's property, keeping it in custody of the law until it is needed to satisfy the creditor's demand. (*Kennedy v. Wikoff* (1886), 21 Ill. App. 277.) Attachment, whether directly against a defendant debtor or his property in the possession of a third party, is a measure instituted before judgment on the merits of the principal claim of the plaintiff creditor.

The same holds true for a "garnishment" action in which the plaintiff attempts to hold the defendant's property in the possession of a third party pending the disposition of the plaintiff's principal claim against the defendant. Such a proceeding is actually a prejudgment proceeding in attachment, where the defendant's property which is attached is in the possession of a third party. The designation of this procedure as one of "garnishment" has likely occurred because the third party, in such instances, is commonly referred to as the "garnishee." See Ill. Rev. Stat. 1981, ch. 110, par. 4—126.

This should be distinguished from the usual garnishment action, which is a post-judgment procedure instituted directly against a third party in whose hands the judgment debtor's property may be found and the creditor's claim against his debtor has already been resolved, and judgment thereon rendered. (See Ill. Rev. Stat. 1981, ch. 110, par. 12—701 *et seq.*) Appeals in these proceedings are governed by Supreme Court Rule 304(b)(4), which permits an appeal from an order in a supplementary proceeding such as garnishment without the need for an express finding by the trial court that there is no just reason for delaying enforcement or appeal. 87 Ill. 2d R. 304(b)(4).

Because the instant case is one where there has not yet been a resolution of Fischer's principal money claim against Buckley, the action is clearly one of attachment. In addition, even though Buckley's

property, which the plaintiff has attempted to seize, is allegedly in the possession of LaGrange, a third-party garnishee, the action is one of garnishment only in a certain sense of that term. It is essentially a proceeding in attachment.

█ In summary, the trial court's order dismissing Fischer's attachment of Buckley's property at LaGrange Federal Savings and Loan Association did not terminate the litigation because it left pending and undecided Fischer's principal money claim. In addition, since the order did not expressly find that there was no just reason for delaying enforcement or appeal, the order does not fall within the exception which permits the appeal of a final order which disposes of fewer than all of the parties or claims involved in the litigation. We therefore conclude that this court is without jurisdiction to review the trial court's order dismissing Fischer's attachment of Buckley's NOW account at LaGrange Federal Savings and Loan Association.

For the reasons stated above, the plaintiff's appeal of the trial court's order dismissing its writ of attachment is dismissed.

Appeal dismissed.

LINN, P.J., and JIGANTI, J., concur.