ALETA COZART, Plaintiff-Appellee, v. DONALD COZART, Defendant-Appellant (United Federal Bank, Garnishee).

Second District    No. 2—92—1244

Opinion filed March 30, 1994.

Richard H. Balog, of St. Charles, for appellant.

Nancy A. Werner, of Geneva, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Donald Cozart, appeals the order of the circuit court which denied his motion to vacate a default judgment entered in an attachment proceeding (see 735 ILCS 5/4—101 *et seq.* (West 1992)) filed by plaintiff, Aleta Cozart, defendant's former spouse. On appeal, defendant raises two issues: whether the trial court erred in entering a default judgment when defendant was not personally served with process; and whether the order for attachment was erroneous because plaintiff's affidavit for attachment was insufficient. We dismiss the appeal for lack of jurisdiction.

On April 21, 1992, plaintiff filed an attachment complaint alleging that on December 15, 1987, the parties' marriage was dissolved in Pinellas County, Florida. The judgment of dissolution ordered defendant to pay plaintiff $6,000 per month in alimony. Defendant was in arrears on the payments, and plaintiff sought the attachment of defendant's bank account in Aurora. Plaintiff attached to the complaint a certificate of arrears from the Pinellas County court which represented that defendant was $312,000 in arrears as of April 15, 1992. In her affidavit for attachment, plaintiff averred that she had not received any payments pursuant to the judgment and the amount defendant owed was in excess of $100,000; plaintiff believed she was entitled to recover an amount in excess of $100,000 after allowing for setoffs and credits; and defendant fraudulently concealed or disposed of his property to hinder creditors, and he was

about to depart from the State. Finally, plaintiff appended to her complaint a copy of the dissolution judgment.

Plaintiff posted an attachment bond of $200,000. The court entered an order for attachment of defendant's bank account and for summons to issue to defendant to appear in the matter. A return of service dated May 29, 1992, stated that defendant was not served because he was "not found." Plaintiff then served notice by publication. On July 7, 1992, the court entered a default judgment against defendant for $312,000. See 735 ILCS 5/4—140 (West 1992).

Defendant subsequently filed a special and limited appearance. He moved to vacate the attachment, arguing various grounds including that the trial court lacked jurisdiction because plaintiff failed to register the Florida decree; neither plaintiff nor defendant is a domiciliary of Illinois; and the bond was insufficient. Following a hearing, the court denied defendant's motion, and he appealed.

■ Although neither party raises the issue, this court has a duty to determine whether we have jurisdiction over this appeal and, if jurisdiction is lacking, to dismiss the appeal. (*Ferguson v. Riverside Medical Center* (1986), 111 Ill. 2d 436, 440.) Generally, our jurisdiction is limited to reviewing appeals from final judgments, unless a statutory or supreme court rule exception applies. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 553.) A judgment is final if it determines the litigation or some definite part thereof on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *Flores v. Dugan* (1982), 91 Ill. 2d 108, 113.

■ Defendant is appealing an order for attachment. Attachment is a pretrial remedy by which a defendant's property is secured until the rights of the parties are determined in the principal action. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 278.) An attachment order does not terminate the litigation between the parties. (*Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906, 909-10.) Because an attachment is not an injunction (*Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 839), it is not appealable pursuant to Supreme Court Rule 307(a)(1) (Official Reports Advance Sheets No. 26 (December 22, 1993), R. 307(a)(1) (eff. February 1, 1994)). An attachment order is not appealable without an express finding pursuant to Supreme Court Rule 304(a) (Official Reports Advance Sheets No. 26 (December 22, 1993), R. 304(a)). (*Peter Fischer Import Motors, Inc.*, 121 Ill. App. 3d at 909-10; see also *Old Kent Bank v. Stoller* (1993), 254 Ill. App. 3d 1085, 1093.) Here the trial court did

not make a finding pursuant to Rule 304(a); thus, the order is not appealable.

We hereby dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

WOODWARD and PECCARELLI, JJ., concur.