DONALD COSLEY et al., Plaintiffs-Appellants, v. STEVEN BRUCE BUILDERS, Defendant (Norwood Federal Savings and Loan Association, Supplemental Defendant-Appellee).

First District (5th Division)   No. 83—2531

Opinion filed September 27, 1985.

Lucchese, McNish, Wognum & Koeppel, of Chicago (Steven M. Shaykin and Vincent F. Lucchese, of counsel), for appellants.

Gomberg & Sharfman, Ltd., of Chicago (Robert J. Sharfman and Marjorie E. Schaffner, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs Donald and Darlene Cosley, judgment-creditors of Steven Bruce Builders, appeal from an order of the circuit court of Cook County dismissing their citations to discover assets directed to supplemental defendant-appellee Norwood Federal Savings and Loan

Association and the village of Arlington Heights and denying the Cosleys' motions that Norwood and Arlington Heights turn over certain assets allegedly belonging to Steven Bruce Builders. The circuit court so ruled because it found that none of the assets at issue belonged to the judgment debtor, Steven Bruce Builders.

We affirm.

The record discloses the following pertinent facts. In 1979 Steven Bruce Builders, Incorporated, was the owner and developer of property commonly known as the Walnut Ridge Subdivision in Arlington Heights. Norwood was the land and construction lender. Arlington Heights required that certain sums of money be deposited with Norwood to serve as escrow accounts guaranteeing that Steven Bruce, as owner of the property, would build and maintain certain improvements required by Arlington Heights. Three accounts established at Norwood by Steven Bruce pursuant to those requirements are the subject matter of this appeal.

One account, the improvement fund, was established by an agreement dated April 12, 1979, which provides in pertinent part:

"If the Owner has not completed all of the required public improvements as set forth under the Subdivision Control Regulations of the Village of Arlington Heights prior to September 1, 1980, Norwood Federal Savings and Loan Association will have the right to complete all remaining public improvements. At such time that the public improvements have been completed and at such time that proper waivers have been presented to the Village, the Village of Arlington Heights will authorize the release of the remaining monies on deposit to *Norwood Federal Savings and Loan Association.*" (Emphasis added.)

The two other accounts, a maintenance escrow and an inspection escrow, were also established some time in 1979.

On June 17, 1979, the Cosleys entered into a contract with Steven Bruce Builders, Incorporated, in which Steven Bruce agreed to sell vacant land and erect a single-family residence thereon in the Walnut Ridge Subdivision. Before the house was completed Steven Bruce ran into financial difficulties resulting in serious deficiencies in its loan payments to Norwood. In early 1980 Steven Bruce entered into negotiations with Norwood to avoid foreclosure. On March 31, 1980, Bruce M. Hershman, Steven Bruce's secretary, informed Arlington Heights in two letters that the village was authorized to refund the funds in the maintenance and inspection escrow to Norwood. These letters were apparently part of a comprehensive agreement with Norwood which was realized on April 30, 1980, when Norwood accepted from

Steven Bruce a deed in lieu of foreclosure for certain lots in the Walnut Ridge Subdivision, including the one being developed for the Cosleys. In return Steven Bruce was released from its obligations to Norwood on the construction loans. Steven Bruce's trustee conveyed trustee quitclaim deeds to Norwood for each of Steven Bruce's lots in the subdivision. Each deed provided, *inter alia,* that it was:

"[S]ubject to general taxes and any special assessment or other taxes, and subject to any liens, mortgages, leases, contracts, easements, covenants or restrictions, if any, recorded or unrecorded."

Norwood then entered into a contract with the Cosleys to complete construction of their house. That contract has not been included in the record, however at the hearing in this case Norwood's vice-president, Timothy G. Murphy, testified that the house was completed on different terms than the original contract with Steven Bruce, including a higher price.

On October 21, 1981, the Cosleys filed suit against Steven Bruce Builders (not Steven Bruce Builders, Incorporated, the entity with which they had contracted) for breach of contract. Neither Arlington Heights nor Norwood was made a party. On June 30, 1982, the Cosleys obtained a default judgment for $32,105 and costs. They then commenced the citation proceedings against Arlington Heights and Norwood which resulted in the disclosure of the three escrow accounts described earlier. Ultimately a hearing was held on the Cosleys' motions that Norwood and Arlington Heights turn over those funds to them.

At the hearing, in addition to the testimony we have already noted, Bruce Hershman confirmed that he had voluntarily signed the two letters of March 31, 1980, instructing Arlington Heights that refunds of the maintenance and inspection escrows were to be given to Norwood. According to Hershman, Steven Bruce maintained no claim to any of the funds held by Arlington Heights and Norwood.

■■ ■ The fundamental question to be resolved in a garnishment action is the existence of subsisting rights between the judgment debtor and the garnishee defendant; the judgment creditor is subrogated to whatever rights the judgment debtor has against the garnishee. (*Liberty Leasing Co. v. Crown Ice Machine Leasing Co.* (1974), 19 Ill. App. 3d 27, 311 N.E.2d 250.) As we have noted the circuit court denied the Cosley's motions because it concluded in its order that none of the accounts at issue belonged to the judgment debtor, Steven Bruce. We conclude that this determination was correct. The evidence below established that Steven Bruce had relinquished any claim to the

assets in the three escrow funds. The April 12, 1977, agreement concerning the improvements fund specified that upon completion of all improvements any remaining funds would be released to Norwood. This letter of agreement was drafted by Norwood and was accepted by Steven Bruce and Arlington Heights, as evidenced by their representatives' signatures thereon.

■■■ In the two letters dated March 31, 1980, Steven Bruce unequivocally instructed and authorized Arlington Heights to refund any remaining funds in the maintenance escrow and inspection escrow to Norwood. To constitute a valid assignment the goods assigned must be sufficiently identified and the parties must intend to accomplish an assignment. (*Heritage Bank v. Recreational Retail Builders, Inc.* (1981), 97 Ill. App. 3d 748, 753, 423 N.E.2d 573, 577.) No particular words are required (*Buck v. Illinois National Bank & Trust Co.* (1967), 79 Ill. App. 2d 101, 106, 223 N.E.2d 167, 169) and the intent of the parties may be determined by reference to the surrounding circumstances. (*Heritage Bank v. Recreational Retail Builders, Inc.* (1981), 97 Ill. App. 3d 748, 753, 423 N.E.2d 573, 577.) The evidence here establishes that Steven Bruce transferred these interests as part of a comprehensive agreement with Norwood. In the hearing below, Steven Bruce's agent testified that Steven Bruce no longer maintained any claim to these funds. Accordingly, because in this garnishment action the Cosleys as judgment creditors were subrogated to the rights of Steven Bruce, the judgment debtor, against Arlington Heights and Norwood, the garnishees, and because Steven Bruce retained no rights in the funds held by the garnishees, the Cosleys also had no right to require that Norwood and Arlington Heights turn over the funds.

■■ We also find no evidence that the transactions between Steven Bruce and Norwood were fraudulent, as alleged by the Cosleys. At the time Norwood accepted a deed in lieu of foreclosure from Steven Bruce the Cosleys had not even brought an action against Steven Bruce, and obviously no judgment had been obtained by them. Thus, nothing in the record establishes that Norwood or Steven Bruce was attempting to avoid a claim by the Cosleys. Indeed, as we have noted, in a contract which the Cosleys chose not to introduce into evidence they subsequently agreed that Norwood would complete construction of their house.

■■ The Cosleys also contend that by virtue of the "subject to" language of the quitclaim deed given to Norwood they retained a right to the funds which was higher in priority than that obtained by Norwood. The question of priority of rights is not at issue in a gar-

nishment proceeding. (*Liberty Leasing Co. v. Crown Ice Machine Leasing Co.* (1974), 19 Ill. App. 3d 27, 29, 311 N.E.2d 250, 252.) This determination does not, of course, preclude any action which the Cosley's may wish to bring directly against Norwood.

The judgment of the circuit court is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.