## CHARLES E. CULVER
## v.
## ISRAEL P. RUMSEY.

1. ATTACHMENT—MUST BE A VALID LEVY.—Proceedings by attachment derive their validity wholly from the statute,which in all essential particulars must be complied with. A valid levy upon property by the writ of attachment is essential to the jurisdiction of the court over the subject-matter.

2. PROPERTY MUST BE IN VIEW OF THE ATTACHING OFFICER.—In order to a valid levy of a writ of attachment, the property must be in view of the attaching officer. An indorsement of a levy, made when the property is miles away from the officer making the levy, is a nullity.

3. IRREGULAR LEVY—NOT AIDED BY PLACING CUSTODIAN OVER PROPERTY.—Where an officer served a writ of attachment by indorsing a levy upon the writ, the property not being in the presence of the officer, the fact that the officer, two days after such levy, saw the property in the charge of a custodian whom he had placed over the property, will not aid the defect in the levy made by such indorsement.

4. TRESPASS AB INITIO.—Where a levy of an attachment writ is made in an illegal or unauthorized manner, the sheriff and plaintiffs in attachment are liable as trespassers *ab initio* for any subsequent disposition they may make of the property siezed under the attachment proceedings.

APPEAL from the Circuit Court of Cook county; The Hon. JOHN G. ROGERS, Judge, presiding. Rehearing opinion filed November 8, 1880.

Messrs. HIGGINS, FURBER & COTHRAN, for appellees; upon petition for rehearing, contending that a levy may be complete without taking possession, cited Harris v. Evans, 81 Ill. 420.

Under the attachment act, only judgment creditors have a right to be heard as claimants touching the distribution of the proceeds of property attached: Pollack v. Slack, 92 Ill. 221.

Messrs. HATCH & ALDIS, for appellants; in reply to petition for rehearing.

MCALLISTER, P. J. This case was before us and was decided at the last term. It is reported in 6 Bradwell, 598. The

Culver v. Rumsey.

opinion then filed contains a full statement of all the material facts, and it is unnecessary to recite them over again.   Rumsey and  Walker  have  presented  a  petition  for  a  rehearing,  the former decision being adverse to them.   The court below found that they had acquired a first lien upon the wheat in question by a levy under their  attachment made August 12, 1879, and what took place on the 14th, and directed the sheriff to apply the proceeds of the wheat on their execution.   That order was reversed by our former decision, but upon the application for a rehearing, we have thoroughly reconsidered the whole case, and are unanimously of the opinion that we cannot affirm the order below, on account of certain undisputed facts appearing in the record, and should, therefore, deny the rehearing.   In this last investigation, some further views have occurred to us, which, considering the importance of the questions involved, we deem it proper should be embodied, with the authorities supporting them, in a supplementary opinion.   We will, therefore, briefly state them.

Proceedings by attachment derive their validity wholly from the statute; and in all essential particulars must conform to its requirements.   A valid levy upon property by the writ of attachment is indispensable to the jurisdiction of the court over the subject-matter.   Haywood v. Collins, 60 Ill. 228, and cases there cited.

It was competent for the court below, on Rumsey and Walker's application that the court order the sheriff to apply the proceeds of the sale of the wheat in question upon their judgment, to decide as between them and other attaching creditors, whether Rumsey and Walker ever acquired a lien upon the wheat by a valid levy; or if they had, whether they had lost it by their own acts.   Walker & Bradford v. Roberts, 4 Richardson, 561, and cases there cited.

But a. majority of the court still adhere to the conclusion that there was no sufficient levy upon the wheat by the Rumsey and Walker writ of attachment.   Their counsel insist that although the wheat was not in the view of the deputy sheriff at the time he indorsed his levy on the 12th, yet, inasmuch as this officer testifies that he saw his custodian while having the

wheat in charge, on the 14th, this court should pronounce the levy valid. If the property had been in the view of the officer when he indorsed the levy on the writ, and he had taken possession within a reasonable time after such indorsement, it would have been good as a levy. But here the property was miles away when he made such indorsement. That rendered the act a mere nullity. Therefore, without a new levy on the property on the 14th, while in view, the possession of the alleged custodian, which was only under the supposed levy of the 12th was that of a mere trespasser. There is not the slightest pretense that the deputy sheriff, who had this writ, professed or attempted to make a levy upon the wheat on the 14th while it was in his view. The custodian was acting solely by virtue of his previous appointment as such, and the supposed levy on the 12th, when the property was twelve miles distant.

But suppose it be conceded that there was a valid levy on the wheat by the attachment. The wheat was then taken by direction of the plaintiffs in the attachment to an elevator, and there put into a bin—presumably a common bin, with other wheat, and its identity thereby wholly lost. But the usual warehouse receipt was taken for it, in the name of the sheriff. Afterwards, but before judgment, and without any authority from the court or the law, said plaintiffs, by giving the sheriff an indemnifying bond, obtains from him the warehouse receipt, properly indorsed, and go upon the Board of Trade and sell the wheat represented by such receipt, at private sale, rendering the proceeds to the sheriff. These are the proceeds in question.

The office of an attachment is to seize and hold property until it can be subjected to execution. This lien is of no value unless the plaintiff obtain judgment against the defendant, and proceed to subject the property to execution. 1 Bouv. Law Dict. Tit. Attachment, p. 163, Sec. 9.

If the plaintiff fail to obtain judgement, or if, having obtained one, the defendant should pay and discharge it, then, in either case, the defendant becomes entitled to have the identical goods and chattels attached returned to him. So that it is clear the law requires the officer executing such writ to keep the goods attached within his control, in order that, if neces-

sary, they may be subjected to an execution upon the judgment, if one be obtained; and if not, that they may be returned to the defendant.     Barrett v. White et al. 3 New Hamp. 210.

It is the settled law that if a man abuse an authority given him by the law, he becomes a trespasser *ab initio*.   Six Carpenters' Case, 8 Coke, 146.   In that case it was said: "So if a purveyor takes my cattle by force of a commission, for the king's house, it is lawful; but if he sells them in the market, now the first taking is wrongful." 2 Roll, 561; Phillips v. Bacon, 9 East, 299; Blake v. Johnson, 1 New Hamp. 91; Purington v. Loring, 7 Mass. 388; Kerr v. Sharp, 14 Serg. & R. 399; Sackrider v. McDonald, 10 Johns, 253; Ross v. Philbrick, 39 Maine, 29.   In the case last cited, the plaintiff in attachment gave the sheriff a bond of indemnity and sold the property attached at private sale; he was held to be a trespasser *ab initio* and to have lost his lien.   Zschocke v. The People, 62 Ill. 127, decides that a constable who sells property levied upon by virtue of an execution, at private sale, becomes a trespasser *ab initio*, and that the plaintiff in the execution, by ratifying the act, became a co-trespasser, and acquired no interest in the money arising from such sale.

It is too plain for argument that the sheriff and plaintiffs in the attachment writ, by the unauthorized disposition which they made of the wheat in question, became trespassers *ab initio*, even if there was a valid levy in the first instance.   By such wrongful act, the lien, if it ever existed, became extinguished, and the court cannot create one for them.   We therefore adhere to our former decision, and deny the motion for a rehearing.

WILSON, J.   I concur in reversing the judgment on the ground that, by the act of the sheriff in causing the wheat to be sold at private sale, with the concurrence of the attaching creditors and the consequent abandonment of the possession of the same, the lien of the levy was lost, and the sheriff became a trespasser *ab initio;* but I am not prepared to say that, under the facts shown in evidence, there was no levy of the writ.