(No. 40267.—

EDITH KRITZER PAULMAN, Appellee, *vs.* HENRY E. KRITZER *et al.,* Appellants.

*Opinion filed September 29, 1967.*

Winston, Strawn, Smith & Patterson, of Chicago, (George B. Christensen and Richard J. Pigott, and R. Lawrence Storms, of counsel,) for appellants.

Peebles, Greenberg, Keele, Lunn & Ford, of Chicago, (Harold M. Keele and Halbert O. Crews, of counsel,) for appellee.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

This stockholders' derivative suit was initiated by the plaintiff, Edith Kritzer Paulman, and her sister for the benefit of the defendant Kritzer Radiant Coils, Inc., a Delaware corporation, herein called KRC, against a brother, Henry E. Kritzer, Sr. and others alleging that Kritzer violated the fiduciary duty owed by him to KRC, as an officer and director, and utilized certain corporate opportunities for his own benefit. Plaintiff's sister withdrew from this litigation before evidence was heard. Thereafter testimony was taken before a special master in the circuit court of Lake County, who recommended that defendant Kritzer be held to account for net profits from the purchase and sale of one tract of real estate, and that he be ordered to convey certain other real estate and stock to KRC, subject to certain credits. The trial court approved the findings of the master and entered a decree in accordance with his recommendations. The Appellate Court, Second Judicial District, affirmed the decree (74 Ill. App. 2d 284), and we have granted leave to appeal.

Kritzer, the owner of 50% of KRC stock, has been president and a director of KRC since 1954. The remaining shares are divided between plaintiff and her sister. KRC manufactured and sold heating equipment in its plant on Lawrence Avenue in Chicago, but was seeking a more desirable location. In 1954, Kritzer personally purchased an unimproved tract of land known as the Ebertt Tract to

solve KRC's housing problem. All payments that were made on said tract were made from KRC's funds which Kritzer claimed were advances to him personally. He sold this property in 1957 while still unimproved for a substantial profit, which he personally retained. In October of 1955, Kritzer personally purchased a similar parcel of land adjoining the Ebertt Tract, known as the Bulaw Tract, ostensibly for the same purpose. The down payment and the first two installment payments were made by Kritzer from KRC funds. Kritzer still retains title to the Bulaw Tract.

In 1956, United Asbestos and Rubber Company, herein called UNARCO, approached KRC for the purpose of selling its heating division to KRC. The officers of KRC decided to purchase this division, and thereafter Kritzer organized Batavia-Kritzer, Inc., herein called BK, with a capitalization of $1,000 and held all of its stock. UNARCO assigned Kritzer its rights as lessee of a factory located in Batavia, Illinois, to be used by BK for manufacturing. Kritzer re-assigned the lessee rights to BK and remained personally liable on BK's obligations to UNARCO. KRC paid almost all of the purchase price of assets sold by UNARCO to BK as rental for equipment and machinery and further paid to BK rental on the leased premises. Although the property and assets have considerable value, title was never acquired by KRC.

It was the recommendation of the master that Kritzer account to KRC for his net profits on the Ebertt Tract; that he convey the Bulaw Tract to the corporation; that he convey all of his stock in BK to KRC, all subject to credit for his payments on the realty still owned, his contribution to BK capital, and to indemnification for personal liability for the purchase of UNARCO's assets.

The question presented to the trial court was whether the facts and circumstances as they then existed presented a corporate opportunity, and whether a corporate officer, namely Kritzer, had seized that corporate opportunity for

his own. On appeal to this court it is the contention of Kritzer that the appellate court exceeded its appellate authority by reversing, *sub silentio,* findings of credibility and of fact made by the master on uncontradicted evidence and approved by the chancellor; and that the appellate court erred in not remanding the case to the trial court with instructions to enter a decree for the defendant in accordance with the findings of fact made by the master and affirmed by the trial court. He further contends that the opinion of the appellate court establishes an unduly restrictive standard of conduct for corporate officers.

In considering these contentions we have carefully examined the record and the opinion of the appellate court, and the briefs and arguments of the parties. As a result of this consideration we find that the appellate court has adequately and accurately stated the facts as shown by the record and that it did not exceed its appellate authority. We note, however, that during the pendency of this appeal Kritzer transferred the BK stock to KRC and the notes involved in that transaction have been paid.

We further find that the applicable law involving the fiduciary duties of corporate officers and corporate opportunity are fully and accurately set forth in the opinion of the appellate court and properly applied to the facts, and there is no need for them to be repeated here.

The judgment of the Appellate Court, Second Judicial District, affirming the decree of the circuit court of Lake County is therefore affirmed. *Judgment affirmed.*