**VINYLWELD, INC., Plaintiff,**

v.

**METROPOLITAN GREETINGS, INC., Defendant.**

**No. 73 C 1093.**

United States District Court, N. D. Illinois, E. D.

July 26, 1973.

leged that Metropolitan "is not a resident of this State and his place of residence is 215 First Street, Cambridge, Massachusetts." Although Metropolitan did not possess a Certificate of Authority to do business in Illinois at any time during 1972, it received such authorization on January 2, 1973. *See* Ill.Rev.Stat., ch. 32, § 157.102 (1953).

Defendant did not appear before the State Court and filed a petition for removal to this Court pursuant to 28 U.S.C. § 1441. Defendant now asks this Court to quash the Writ of Attachment. The sole issue for determination is whether a foreign corporation holding an Illinois Certificate of Authority is a "resident" for purposes of the Illinois Attachment Act. For reasons stated below, the question is answered in the affirmative and the writ is vacated.

Herbert N. Sirott, Chicago, Ill., for plaintiff.

Errol Zavett, Ira Bell, Chicago, Ill., for defendant.

## MEMORANDUM and ORDER

AUSTIN, District Judge.

This matter concerns the judicial construction of certain provisions of the Illinois Attachment Act and the Illinois Business Corporation Act.

### I.

Plaintiff, an Illinois corporation, is a manufacturer of vinyl plastic products. In mid-1972, Defendant, a Massachusetts corporation, agreed to buy certain goods which Plaintiff agreed to manufacture and sell. At the conclusion of their dealings, a dispute arose as to the amount due to Plaintiff under the agreement. This action is the result of that dispute.

On March 19, 1973, Vinylweld commenced this litigation in the Circuit Court of Cook County by filing a Writ of Attachment upon an Illinois resident who was indebted to Metropolitan. The writ, issued on Vinylweld's affidavit, al-

### II.

Attachment in Illinois is an extraordinary writ by which the owner of property is involuntarily dispossessed prior to any adjudication of the rights of the parties. As such, the State Legislature has seen fit to circumscribe its use by conditioning its existence and validity upon compliance with a specific statutory grant. Culver v. Rumsey, 7 Ill.App. 422 (1880); Martin v. Schillo, 389 Ill. 607, 60 N.E.2d 392, cert. denied 325 U.S. 880, 65 S.Ct. 1572, 89 L.Ed. 1996 (1945). The first section of the Illinois Attachment Act, Ill.Rev.Stat., ch. 11, § (1), par. 1, provides that:

In any court having competent jurisdiction, a creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort, may have an attachment against the property of his debtor, or that of any one or more of several debtors, either .at the time of instituting suit or thereafter, when a claim exceeds $20, in any one of the following cases:

First: Where the debtor is not a resident of this State.

In addition, the Illinois Business Corporation Act, Ill.Rev.Stat., ch. 32, § 157.-103, stipulates in pertinent part that:

> . . . . A foreign corporation which shall have received a certificate of authority under this Act shall . . . enjoy the same, but no greater, rights and privileges as a domestic corporation. . . .

Read together, the import of these statutes is clear: foreign corporations—whether "residents" or not—that do business in Illinois are subject, in one way or another, to all the liabilities, restrictions, and obligations imposed upon domestic corporations. Charles Friend & Co. v. Goldsmith & Seidel Co., 307 Ill. 45, 138 N.E. 185 (1923); People v. New York Title & Mortgage Co., 346 Ill. 278, 178 N.E. 661 (1932). Where a foreign corporation is not a state resident, the Attachment Act subjects its Illinois property to court supervision during the pendency of the lawsuit. Where the corporation has complied with registration provisions of the Revised Statutes, it is deemed to be a resident and there is neither need nor statutory authority for the extraordinary process of attachment since the court possesses personal jurisdiction over all parties and is able to fashion and enforce whatever remedies are appropriate.

Thus, the generally accepted rule is that, to constitute a ground for attachment, nonresidence must exist at the time the writ is issued. Witbeck v. Marshall-Wells Hardware Co., 188 Ill. 154, 58 N.E. 929 (1900). See also 7 C.J.S. Attachment §§ 29 et seq. Under this reasoning, the Writ of Attachment here was improperly issued since the Defendant was duly licensed and residing in Illinois on and before March 19, 1973. In short, Defendant was fully amenable to the personal jurisdiction of any competent court in this State. The cases of Ford v. Transocean Airlines, Inc., 28 Ill. App.2d 234, 171 N.E.2d 225 (1st Dis., 2d Div. 1960) and Charles Friend & Co. v. Goldsmith & Seidel Co., *supra* are on point and support this interpretation.

### III.

Although its position is relatively unclear, Plaintiff disputes this analysis and offers a three-prong rationale for subjecting Defendant to the attachment process. First, Plaintiff maintains that, since Defendant conducted business without a Certificate, its activities in Illinois were unlawful. Second, Plaintiff apparently argues that, since Defendant's actions were unlawful, it is ineligible for residency. And, finally, Plaintiff asserts that, since Defendant is not eligible for residency, its registration prior to suit cannot defeat Plaintiff's "right" to an attachment action. Each of these contentions is legally and logically questionable.

First, there is nothing in the record that indicates that Defendant entered into any Illinois transaction other than the one at issue prior to January 2, 1973. In determining what constitutes "transacting business," Illinois courts have traditionally excluded occasional and isolated transactions. Emcee Corporation v. George, 293 Ill.App. 240, 12 N. E.2d 333 (1938); Hunter W. Finch & Co. v. Zenith Furnace Co., 245 Ill. 586, 92 N.E. 521 (1910); Orton v. Woods Oil & Gas Co., 249 F.2d 198 (7th Cir. 1957). *See also* Note, 14 DePaul L.Rev. 462 (1965). On this record, Defendant's conduct cannot be characterized as unlawful.

Even if its activities with the Plaintiff were proven unlawful, Defendant is not thereby precluded from applying for and receiving a Certificate of Authority. Indeed, except for isolated transactions as noted above, contracts entered into by foreign corporations without prior compliance with statutory requirements are merely unenforceable by the corporation. Ill.Rev.Stat., ch. 32, § 157.125. Neither the Revised Statutes nor the cases support Plaintiff's position.

Plaintiff's final argument must fail with the others. Section one of the Attachment Act authorizes attachment only "Where the debtor is not a resident of this State." Plaintiff would have this

Court read the statute to allow such action "Where the debtor was not a resident of this State at the time the claim arose." Such a construction is plainly untenable.

## IV.

Plaintiff and Defendant are personally before this Court as residents of Illinois. The Writ of Attachment was improperly issued and is hereby vacated.

So ordered.