UPHOLSTERER'S INTERNATIONAL UNION HEALTH AND WELFARE FUND TRUSTEES, and the Trustees of the Upholsterer's International Union Pension Trust, Plaintiffs,

v.

PONTIAC FURNITURE, INC., and Leonard Shane, Individually and as President of Pontiac Furniture, Inc., Defendants.

No. 86–2042.

United States District Court, C.D. Illinois.

Aug. 5, 1986.

Karen Engelhardt, Joseph Burns & Eugene Wright, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for plaintiffs.

Roy G. Wilcox, Hutton, Laury, Hesser & Lietz, Danville, Ill., for Leonard Shane.

## ORDER

BAKER, Chief Judge.

The defendant, Leonard Shane, moves to dismiss the plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below this motion will be denied.

The plaintiffs ("Upholsterers") filed a three-count complaint alleging that the defendant Shane sold or transferred the assets of Pontiac Furniture to a secured creditor in a manner in violation of the collective bargaining agreement, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and various state statutes. A summary of the allegations indicates that Shane was an officer and a director of Pontiac Furniture, Inc. He was the principal shareholder. As officer of the corporation, Shane failed to comply with the requirements of the Illinois Business Corporation Act, and consequently, Pontiac Furniture Inc. was invol-

untarily dissolved by the Illinois Secretary of State. Shane also allegedly failed to give the Upholsterers notice of the dissolution as required by the Illinois Business Corporation Act. The Upholsterers claim this failure gives rise to a cause of action against Shane in his individual capacity. *See* Ill.Rev.Stat. ch. 32, §§ 12.75 and 8.65.

The Upholsterers allege as well that Shane failed to make contributions to the Health and Welfare Fund and to the Pension Trust on behalf of employees covered by a collective bargaining agreement entered into between Pontiac Furniture and the Upholsterers. The Pension Trust account is delinquent in the sum of $51,-098.59. The Health and Welfare Fund is delinquent in the sum of $1,111.00. The Upholsterers claim that this money is due and owing from both Pontiac Furniture, Inc. and the defendant Shane in his individual capacity pursuant to the provisions of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and the Illinois Wage Payment and Collection Act, Ill.Rev.Stat. ch. 48, § 39m–8.

## COUNT I

■ The defendant Shane contests the sufficiency of the allegations seeking to state a claim against Shane under ERISA. He concedes that an ERISA claim is properly alleged against an "employer". However, while Pontiac Furniture, Inc., may be an employer under ERISA, he is not. Shane claims that in order to state a cause of action against him for the benefits allegedly due, the Upholsterers must allege that Mr. Shane is the alter ego of the corporation, Pontiac Furniture, Inc. He argues that none of the allegations conform with the requirements in Illinois law for establishing alter ego status.

The Upholsterers cite several cases issued by Massachusetts district courts which explicitly hold that a corporate officer may be personally liable under ERISA for failure to make contributions to a plan. *Massachusetts State Carpenters Pension*

*Fund v. Atlantic Diving Company, Inc.,* 635 F.Supp. 9, (D.C.Mass., 1984); *Alman v. Servall Manufacturing Company,* 6 E.B.C. 2031 (D.C.Mass., April 9, 1984); *Alman v. Franks Sportwear Company, Inc.,* 6 E.B.C. 2798 (D.C.Mass., Jan. 24, 1985). The *Carpenters' Pension Fund* decision presents a thorough review of the law on this question and holds that corporate officers may be subject to personal liability for obligations due to pension funds under the collective bargaining agreement and ERISA. The Massachusetts court used federal law to construe the definition of employer in ERISA. *See* 29 U.S.C. § 1002(5).[1] The court found that ERISA was part of a federal statutory scheme developed to regulate contributions to pension funds. ERISA preempted state corporate laws which limited the personal liability of corporate officers and shareholders to the extent the laws conflict with the ERISA provisions imposing liability on employers. 635 F.Supp. 9, 6 E.B.C. at 2126 and 2128 n. 3. The court borrowed from case law construing the definition of employer found in the Fair Labor Standards Act to construe similar language in ERISA. Thus, the Massachusetts court developed the following test to determine whether a corporate officer may be personally liable under ERISA and section 301 of the LMRA:

> According to the court, two "corporate officers with a significant ownership interest and who had operational control of significant aspects of the corporation's day to day functions, including the compensation of employees, and who personally made decisions to continue operations despite financial adversity during the period of non-payment" were "employers" within the meaning of FLSA.

635 F.Supp. 9, 6 E.B.C. 2127 (citing *Donovan v. Agnew,* 712 F.2d 1509, 1514 (1st Cir.1983)).

The court concurs with the decision in *Carpenters' Pension Fund.* It presents a well reasoned approach to the personal lia-

bility issue. In applying the *Carpenters'* decision, the court finds that the allegations of the complaint are sufficient to withstand dismissal. Specifically, the plaintiffs allege that Shane sold or transferred the assets of the corporation to a secured creditor without proper notice as required by the Illinois Business Corporation Act, Ill.Rev.Stat. ch. 32, § 1.01 *et seq.;* that the corporation was not in good standing at the time of the assignment because of its failure to comply with the Illinois law and that it had been involuntarily dissolved by the Secretary of State's office. These allegations specifically put at issue the question of whether defendant Shane was acting in his own interest when the assets of the corporation were assigned to one creditor to the substantial detriment of other creditors. To make such an assignment without notice indicates that the officers and directors of the corporation were conscious of the fact that other creditors would be adversely effected by the assignment. A complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court finds that these allegations are sufficient to set forth a claim under ERISA against Shane. Therefore, Shane's motion to dismiss Count I will be denied.

## COUNT II

The defendants argue that Count II, a claim under the Illinois Wage Payment and Collection Act, Ill.Rev.Stat. ch. 48, § 39m–1 *et seq.,* is preempted by ERISA. This question was recently presented to the Seventh Circuit in *National Metalcrafters v. McNeil,* 784 F.2d 817, 822 (7th Cir.1986). However, the court avoided ruling on this question, indicating that preemption of the Illinois Wage and Payment Act by ERISA would be ill advised:

**1.** The term "employer" means any person acting directly as an "employer" or indirectly in the interest of an employer in relation to an employee benefit plan. 29 U.S.C. § 1002(5).

The issue we are most reluctant to decide is whether the Illinois wage payment act is preempted by ERISA. It is a difficult issue and if resolved in favor of preemption would have far-reaching consequences.

784 F.2d at 822.

The Seventh Circuit's decision to avoid the preemption question left unresolved the conflict within the district. The defendants cite Judge Aspen's decision, *Baker v. Caravan Moving Corp.*, 561 F.Supp. 337 (N.D. Ill.1983), in support of preemption. The plaintiffs cite Judge Leighton's decision, *National Metalcrafters v. McNeil*, 602 F.Supp. 232 (N.D.Ill.1985), in opposition to preemption.

*Baker* involved a claim by a trustee of a union pension fund for contributions owed to the fund as required by the collective bargaining agreement and ERISA. 561 F.Supp. at 339. Judge Aspen considered and dismissed a claim for the unpaid contributions under the provisions of the Illinois Wage Payment and Collection Act. He ruled that the Act was preempted insofar as it applied to employer contributions to employee benefit plans. *Id.* at 341. The pension fund was unquestionably an employee benefit plan. Preemption was mandated by the supersedure clause in ERISA, 29 U.S.C. § 1144.[2] Judge Aspen noted that the supersedure clause left intact state criminal laws of general applicability, but concluded the criminal penalties imposed by the Illinois Act did not reach the "generally applicable" standards stated in 29 U.S.C. § 1144(b)(4).[3] The Illinois state law provides in section 39m–13 that officers and agents of a corporation may be designated employers, and liable for payments under the Act, if they knowingly permit the employer to violate the Illinois Wage Payment and Collection Act provisions. The law provides for criminal penalty for willfull violations.

Judge Leighton came to the opposite conclusion in *National Metalcrafters*, 602 F.Supp. 232 (N.D.Ill.1985). (The Seventh Circuit refused to address this conclusion on appeal.) Judge Leighton held that the Illinois Act was not preempted for two reasons. First, because the payments due from the employer involved vacation pay, he ruled that these were not "employee benefits" covered by ERISA. 602 F.Supp. 232, 237. *Accord California Hospital Association v. Henning*, 770 F.2d 856 (9th Cir.1985). Judge Leighton also ruled that the exception to ERISA's supersedure provision for generally applicable state criminal statutes barred preemption. 602 F.Supp. at 237. *But cf. id.* at 326 (where Judge Leighton inexplicably states: "The Court does not dispute that in a proper case ... benefits can fall within ERISA coverage, and be subject to federal preemption. *See, e.g. Baker v. Caravan Moving Corp.*, 561 F.Supp. 337 (N.D.Ill.1983).")

■ This court finds that the Illinois Wage Payment and Collection Act is a "generally applicable criminal law of the state," and as such is not preempted. The Act subjects Illinois employers to criminal sanctions for failure to make payments to employee benefit plans. Ill.Rev.Stat. ch. 48, §§ 39m–8 and 39m–14 (1985). A private right of action to enforce this Act is implied by the language found in section 11. Ill.Rev.Stat. ch. 48, § 39m–11 (1985). *See In re Faber*, 52 B.R. 563 (Bk.1985); *Aponte v. National Steel Service Center*,

**2.** (a) ... [T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

(b) ....

(4) Subsection (a) of this section shall not apply to any generally applicable criminal law of a State.

**3.** Even though the Illinois Wage Payment Act ... applies to all employers and employees, ERISA preempts the Illinois statute to the extent that it regulates pension and welfare plans. While the Illinois law provides for criminal penalties, we find it is not so broad as to encompass the narrow interpretation of "generally applicable" state law defined in ERISA, section 514(a) and section 514(b)(4). *But see Goldstein v. Mangano*, 99 Misc.2d 523, 417 N.Y.S.2d 368 (1978).

561 F.Supp. at 341 n. 4.

500 F.Supp. 198 (N.D.Ill.1980). The penal nature of the Illinois law places the statute within the ambit of the exception to the supersedure provision of ERISA. Accordingly, the motion to dismiss Count II on the grounds that it is preempted by ERISA will be denied.

■ The court is compelled to note the possibility of preemption on a ground not raised by the parties. In *National Metalcrafters v. McNeil*, 784 F.2d 817 (7th Cir. 1986), the Seventh Circuit ruled that section 301 of the LMRA preempted a suit pursuant to the Illinois Wage Payment and Collection Act for vacation pay allegedly due under the provisions of the collective bargaining agreement. The court concluded that a resolution of the dispute over the vacation pay required an interpretation of the collective bargaining agreement. 784 F.2d at 823. Section 301 of the LMRA preempts state law claims whenever the resolution of the state law claim is substantially dependent upon an analysis of the terms of an agreement made between the parties in a labor contract. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985). However, the state claim is not preempted if "there is a contract, [and] ... its meaning is so clear that the company cannot in good faith dispute the workers' vested rights to benefits under it...." 784 F.2d at 828. The Upholsterers in this case seek a remedy under section 301 of the LMRA, as well as the provisions of ERISA and the Illinois state statutes. The court at this time does not foresee that the dispute over benefits will require an analysis of the terms of the collective bargaining agreement. If at a later time discovery indicates otherwise, *National Metalcrafters* requires preemption of the State law claims.

## COUNT III

■ Finally, defendant Shane argues that the Illinois Business Corporation Act does not apply to him or his corporation because Pontiac Furniture, Inc. was incorporated in Delaware. He cites *Paulman v. Kritzer*, 74 Ill.App.2d 284, 219 N.E.2d 541 *aff'd*, 38 Ill.2d 101, 230 N.E.2d 262 (1966) for the general proposition that the law of the state of incorporation is controlling with respect to fiduciary duties of directors. However, the plaintiffs respond that Illinois law imposes a wide variety of duties on foreign corporations seeking the privilege of doing business in Illinois. In particular, the plaintiffs cite to Ill.Rev.Stat. ch. 32, § 13.65 which imposes restrictions and liabilities on foreign corporations:

> Foreign corporations ... shall ... be entitled to all the rights and privileges applicable to foreign corporations procuring authority to transact business in this state. ... Such corporations *shall be subject to all the limitations, restrictions, liabilities, and duties prescribed herein* for foreign corporations procuring under this Act authority to transact business in this state.

(Emphasis added.) Illinois courts have construed this provision of the Illinois Business Corporation Act as imposing liability on officers of foreign corporations for breaches of fiduciary duties. *Houck v. Martin*, 82 Ill.App.3d 205–206, 37 Ill.Dec. 531, 402 N.E.2d 421 (4th Dist.1980). *See also Vinylweld, Inc. v. Metropolitan Greetings, Inc.*, 360 F.Supp. 1360 (N.D.Ill. 1973) (construing statute as conferring *rights* of Illinois corporation, as well as liabilities).

The court is persuaded that liability may attach to Shane as a corporate officer for Pontiac Furniture, Inc., pursuant to the Illinois Business Corporation Act, Ill.Rev. Stat. ch. 32, §§ 12.75 & 8.65. Count III presents a cause of action upon which relief may be granted.

IT IS THEREFORE ORDERED that the motion to dismiss is denied.