**John H. SEREMBUS, etc., Plaintiff,**

v.

**COMFORT LINES, INC., et al., Defendants.**

**No. 87 C 5355.**

United States District Court,
N.D. Illinois, E.D.

April 6, 1988.

Karen I. Engelhardt, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for plaintiff.

Ira Gould and James W. Marks, Holled & Coff, Chicago, Ill., for defendants 1735 Diversey, Inc.

## ON MOTION TO FREEZE ASSETS

MORAN, District Judge.

Plaintiff brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and now moves the court to freeze the assets of defendant 1735 Diversey, Inc. ("Diversey") during its pendency, pursuant to Rule 64 of the Federal Rules of Civil Procedure. Plaintiff argues that attachment is necessary because Diversey, as the alleged alter ego of now defunct Comfort Lines, Inc. ("Comfort Lines") is liable for benefit contributions that Comfort Lines failed to pay, and freezing Diversey's assets will preserve the status quo. While attaching the assets may help to ensure that plaintiff ultimately receives the contributions, such a measure would contravene state and federal law. Therefore, we deny plaintiff's motion.

## FACTS

According to the complaint, defendant Comfort Lines failed to make certain benefit contributions, as required by collective bargaining agreements entered into by the parties. Plaintiff asserts that Comfort Lines' delinquent contributions total $125,949.46 and seeks an additional $25,189.88 in liquidated damages and attorney's fees.

Plaintiff contends that Diversey "has been operating as an alter ego of Comfort Lines" (Rule 64 mo., ¶ 3) and submits portions of the deposition testimony of Mac Gelman, president of both Comfort Lines and Diversey, that it claims "show the close relationship between [these companies]" (mem. supporting Rule 64 mo., at 2). According to this testimony, Diversey's assets are minimal and include only real estate located at 4500 S. Kolin Avenue in Chicago, Illinois, and cleaning equipment (Gelman dep. at 54). Plaintiff seeks to

attach the proceeds from any transfer of Diversey's property while this action is pending.

## DISCUSSION

Rule 64[1] grants to district courts the authority to order all remedies providing for the seizure of property to secure satisfaction of a judgment that are available under state law, except as modified by federal statute. *See Lechman v. Ashkenazy Enterprises, Inc.*, 712 F.2d 327, 330 (7th Cir.1983). Thus, Rule 64 requires that we look to state law (as modified by federal statute, if such modification applies, and here it does not) to determine the scope of the remedies available allowing seizure of property.

▮ Plaintiff asserts that Ill.Rev.Stat. ch. 110, ¶ 2–1402(d)(2) provides it with the appropriate remedy. This paragraph provides in relevant part that a court

> may enjoin any person ... from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor....

Pursuant to this section, however, proceedings "are unavailable to creditors, secured or otherwise, until after judgment capable of enforcement has first been entered in their favor." *State Bank of Piper City v. A Way, Inc.*, 135 Ill.App.3d 1010, 1015, 90 Ill.Dec. 641, 645, 482 N.E.2d 620, 624 (3d Dist.1985), *aff'd*, 115 Ill.2d 401, 105 Ill.Dec. 452, 504 N.E.2d 737 (1987). There is no

indication in the record that an enforceable judgment[2] has been entered in plaintiff's favor and we therefore find this section inapplicable.

As a general matter, we note that under Illinois law prejudgment attachment is "an extraordinary writ," granted only where statutorily mandated. *Vinylweld, Inc. v. Metropolitan Greetings, Inc.*, 360 F.Supp. 1360, 1361 (N.D.Ill.1973), *aff'd mem.*, 519 F.2d 1406 (7th Cir.1975). Ill.Rev.Stat. ch. 110, ¶ 4–101 allows prejudgment attachment in nine situations. Five of these are aimed at protecting creditors against nonresident debtors and debtors who attempt to transfer their property outside of the realm of the court's jurisdiction. The other four protect creditors from debtors who act fraudulently to "hinder or delay" their creditors from collecting on claims to which they are or may become entitled. Plaintiffs have not alleged facts or provided evidence indicating that any of these exceptions apply here and since the statute is strictly construed, *see Vinylweld*, 360 F.Supp. at 1361–62, we find no basis for allowing attachment under ¶ 4–101.

▮ The parties spend considerable portions of their briefs disputing whether Diversey's alleged alter ego status renders its property subject to prejudgment attachment. By way of support, plaintiff cites cases that generally recognize the power of district courts to grant relief under Rule 64 to preserve the status quo. *See Lechman*, 712 F.2d at 330; *Commodity Futures v.*

---

1. Rule 64 states:

    At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in this action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment,

garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

2. The only indication that plaintiff has a judgment against Comfort Lines appears in defendant's memorandum opposing Rule 64 relief. *See* n. 1. There defendant states that "Plaintiff apparently has registered a foreign judgment against Comfort Lines in another proceeding." Defendant's speculation, without more, does not constitute the evidence of an existing enforceable judgment sufficient to render ¶ 2–1402 applicable.

*Morgan, Harris & Scott, Ltd.*, 484 F.Supp. 669, 678–79 (S.D.N.Y.1979). In *Commodity Futures*, the court held that freezing certain assets was "necessary to ensure that [they would] be available to compensate public customers." 484 F.Supp. at 678. Here, the general concern for the public interest that entered into the court's decision is absent. Further, in *Commodity Futures* the assets were frozen to allow the court to maintain jurisdiction over them while it determined whether disgorgement of illegally acquired profits was appropriate. *Id.* at 679. Here, the record lacks even an allegation of fraud or illegality on the part of defendants. Finally, in both *Commodity Futures, id.* at 676–77, and *Lechman*, 712 F.2d at 328–29, the courts had initially issued equitable relief—an injunction in *Commodity Futures* and a temporary restraining order in *Lechman*—to protect the relevant assets. Thus, before attaching the assets both courts had considered the evidence and decided that the respective plaintiffs faced imminent harm if the status quo was not preserved. This court has made no similar determination and, based on the record, we find no reason to do so.

Even if we assume that Diversey is the alter ego of Comfort Lines, and that we may pierce Comfort Lines' corporate veil,[3] Diversey's status alone would not instruct us to attach its assets, especially since there is no indication that an enforceable judgment against Comfort Lines exists. Simply being the alter ego of a company is not evidence of fraud or wrongdoing and does not evince an intent on the part of Diversey to transfer its property beyond the scope of our jurisdiction. The record

reveals no threat of such harm, and should this harm arise we have the power to respond with the appropriate remedies.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to grant relief under Rule 64 is denied.

---

**3.** To allow us to pierce Comfort Lines' corporate veil and reach Diversey, plaintiff bears the burden of showing that Comfort Lines so controlled Diversey that Diversey is its "mere instrumentality" and that Comfort Lines' misuse of the corporate form would sanction fraud and promote injustice. *See Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.*, 826 F.2d 725, 728 (7th Cir.1987). *See also In re Bowen Transports, Inc.*, 551 F.2d 171, 179 (7th Cir.1977) (piercing the corporate veil requires proof that one company has become the mere instrumentality of the other; that one has committed fraud through the other; and that these actions resulted in unjust loss and injury to the claimant). Plaintiff has failed to carry its burden and, indeed, has not even alleged the requisite element of fraud on the part of Comfort Lines. Thus, the record, as it now stands, would not permit us to pierce Comfort Lines' corporate veil.