**SECURITY INSURANCE COMPANY OF HARTFORD, Plaintiff,**

v.

**TRUSTMARK INSURANCE COMPANY, Defendant.**

**Civ. No. 3:01CV2198(PCD).**

United States District Court, D. Connecticut.

Jan. 31, 2003.

Alia L. Smith, Christine Y. Wong, David J. Grais, James L. Hallowell, Kathryn E. Nealon, Mark B. Holton, Gibson, Dunn & Crutcher, Erick M. Sandler, Kathryn C. Ellsworth, Robert J. Morrow, Dewey Ballantine, New York City, Frank F. Coulom, Jr., Marion B. Manzo, Robinson & Cole, Hartford, CT, for Plaintiff.

Amy M. Rubenstein, Paula J. Morency, Michael Mullins, Schiff, Hardin & Waite, Chicago, IL, Jeffrey M. Sklarz, Zeisler & Zeisler, P.C., Bridgeport, CT, for Defendant.

David Spector, Everett J. Cygal, Ronald S. Safer, Michael Mullins, Schiff, Hardin & Waite, Chicago, IL, Jeffrey R. Hellman, Zeisler & Zeisler, P.C., Bridgeport, CT, for Defendant and Third–Party Plaintiff.

Sharon A. Doherty, Schiff, Hardin & Waite, Chicago, IL, for Third–Party Plantiff.

Brian C. Fournier, David A. Slossberg, Hurwitz Sagarin & Slossberg, Milford, CT, Brian J. O'Sullivan, Harry P. Cohen, Ivan J. Dominguez, Lawrence I. Brandes, Michael G. Dolan, Seth R. Klein, Cadwalader, Wickersham & Taft, New York City, for Third–Party Defendant.

---

Dennis G. LaGory, William E. Meyer, Jr., Schiff, Hardin & Waite, Chicago, IL, for Defendant and Third–Party Defendant.

### RULING ON PLAINTIFF'S MOTION FOR ORDER REQUIRING DEFENDANT TO DEPOSIT $51,607,710.25 INTO THE REGISTRY OF THE COURT FOR ATTACHMENT

DORSEY, District Judge.

Plaintiff moves for an order requiring defendant to deposit an amount equivalent to the award of prejudgment remedies granted pursuant to FED. R. CIV. P. 64, CONN. GEN. STAT. §§ 52–278a *et seq.* and §§ 52–515 *et seq.* into the registry of the court. For the reasons set forth herein, the motion is **denied.**

### I. BACKGROUND

On August 26, 2002, plaintiff's motions for a prejudgment remedy and an order requiring defendant's disclosure of assets were granted. By such ruling, plaintiff was permitted to attach $51,607,710.25 of defendant's property. The ruling provided that "there remains a question as to whether this Court has the authority to order the attachment of property outside of this jurisdiction." The issue was not addressed at the time as defendant had not yet been required to disclose the location of its assets. Defendant has since disclosed that none of its assets are located within Connecticut.

### II. DISCUSSION

Plaintiff argues, citing *Inter–Regional Fin. Group, Inc. v. Hashemi,* 562 F.2d 152 (2d Cir.1977), that this Court has the authority to order defendant to bring assets into Connecticut to satisfy the prejudgment remedy awarded and that such a mandate is ancillary to the order granting the prejudgment remedy sought. Defendant responds that *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 119 S.Ct.

1961, 144 L.Ed.2d 319 (1999), precludes such an order, and that plaintiff has not satisfied the standard for an injunction.

As an initial matter, the parties dispute the characterization of the "order" sought. Plaintiff contends the order is ancillary to the prejudgment remedy awarded and may be decided under the probable cause standard applicable to Connecticut prejudgment remedies. *See Dubois v. Gradco Sys.,* Nos. CIVB:89–437(JAC), CIV. B:88–115(JAC), 1992 WL 336740, at *3 (D.Conn. Nov. 4, 1992). Defendant responds that the order is an injunction and may issue only upon a finding of irreparable harm.

Although *Dubois* holds that an order of the nature sought by plaintiff is an ancillary order that may issue on a finding of probable cause that plaintiff's claims are valid, *see id.,* such holding is dubious given the reference therein to *Hashemi* in which the court both noted that the district court had found "that plaintiff would suffer irreparable harm," *see Hashemi,* 562 F.2d at 154, and concluded that "the district court below and the parties correctly treated the ... order as an injunction," *id.* It is not clear how these statements in *Hashemi* could be interpreted as sanctioning a lesser standard for an injunction under the circumstances.[1] Plaintiff must therefore establish both "irreparable harm should the injunction not be granted, and either a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping in the applicant's favor." *Chem. Bank v. Haseotes,* 13 F.3d 569, 573 (2d Cir.1994). In the present case, plaintiff has not adduced evidence establishing that it will be irreparably harmed absent an order requiring that defendant bring the securities into Connecticut for attachment.

Although plaintiff's failure to establish irreparable harm is dispositive of the motion, the likelihood of the present issue arising again in these proceedings requires further

---

1. Even if the contention in *Dubois* were somehow that state law procedures adopted through FED. R. CIV. P. 64 justified a lesser standard, it is not apparent how an order characterized as an "injunction" could issue absent a finding of imminent and irreparable harm. *See Karls v. Alex-*

*andra Realty Corp.,* 179 Conn. 390, 402, 426 A.2d 784 (1980). *Dubois* cites no state authority in support of the probable cause standard, and this Court is aware of none that would support a standard other than that generally required for issuance of injunctions.

inquiry into whether this Court would have the authority to order that defendant bring securities into Connecticut to effect a prejudgment remedy. The answer to the question lies in the distinction between FED. R. CIV. P. 64 and its application of state law, *see* *Hashemi*, 562 F.2d at 154–55, and the general equitable power of district courts applied through proceedings pursuant to FED. R. CIV. P. 65, *see* *Grupo Mexicano de Desarrollo, S.A.*, 527 U.S. at 318–19, 119 S.Ct. 1961.

Contrary to defendant's argument, *Grupo Mexicano de Desarrollo, S.A.* does not stand as an absolute bar on the authority to enjoin conduct outside state boundaries and may not be read as a *sub silentio* overruling of *Hashemi*. *Grupo Mexicano de Desarrollo, S.A.* illustrates the boundary between the authority to order prejudgment remedies under state law pursuant to FED. R. CIV. P. 64, and general equitable powers applicable to injunctions sought through FED. R. CIV. P. 65 in its conclusion that expansive use of general equitable powers "could render Federal Rule of Civil Procedure 64 ... a virtual irrelevance." *Grupo Mexicano de Desarrollo, S.A.*, 527 U.S. at 330, 119 S.Ct. 1961. The holding is, in fact, rather narrow, precluding the issuance of an injunction affecting a defendant's disposition of assets pending adjudication of a complaint seeking a wholly legal remedy, as such an injunction had no equivalent in traditional courts of equity. *See id.* at 333, 119 S.Ct. 1961.

In contrast, *Hashemi* involves the application of FED. R. CIV. P. 64 and prejudgment remedies available under Connecticut law. The order sought in *Hashemi* involved the

"attachment of certain ... personal property and an 'injunction' requiring [defendant] to bring certain securities into the state for the purpose of attachment." *Hashemi*, 562 F.2d at 153–54. The injunction issued based on authority found in state law, *see id.* at 154–55, 562 F.2d 152, the specific statutory basis for which provided that

> A creditor whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process.

CONN. GEN. STAT. ANN. § 42a–8–317(2) (repealed 1997).[2] The authority to issue such an injunction was proper as its genesis was the text of a state prejudgment remedy, not the general exercise of equitable authority. *See United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489 (4th Cir.1999); *FDIC v. Antonio*, 843 F.2d 1311, 1313–14 (10th Cir.1988); *Lechman v. Ashkenazy Enters., Inc.*, 712 F.2d 327, 330 (7th Cir.1983). Furthermore, the injunction reviewed and approved in *Hashemi* went no further than that provided by statute, limited by its terms to subject matter addressed in the statute. *Hashemi*, 562 F.2d at 153–54.

*Hashemi* thus remains viable but may not be read as general authority for issuing an injunction requiring that defendant bring assets into Connecticut to satisfy a prejudgment remedy regardless of the nature of the property that is the subject of the injunction.

---

2. Although § 42a–8–317 was repealed by an Act Revising Article 8 of the Uniform Commercial Code Concerning Investment Securities, Pub.L. No. 97–182, the same law enacted CONN. GEN. STAT. § 42a–8–102, which provides:

(a)·The interest of a debtor in a certificated security may be reached by a creditor only by actual seizure of the security certificate by the officer making the attachment or levy, except as otherwise provided in subsection (d) of this section. However, a certificated security for which the certificate has been surrendered to the issuer may be reached by a creditor by legal process upon the issuer.

\* \* \* \* \* \*

(e) A creditor whose debtor is the owner of a certificated security, uncertificated security or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process.

Although the repealed and amended sections appear to be substantially similar, no opinion is made as to whether they are in fact equivalents.

Authority provided in state prejudgment remedy schemes is narrowly circumscribed by the text of the statute. If the injunction sought is not included within the state prejudgment remedy scheme, it must be sought under FED. R. CIV. P. 65 and granted as consistent with this Court's exercise of general equitable powers.

III. CONCLUSION

Plaintiff's motions for an order requiring defendant to deposit $51,607,710.25 into the registry of the court for attachment (Doc. No. 109) is **denied**.

SO ORDERED.